MARK STONE, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 13, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence,* In use of highway, Street railway.

, A man sixty-three years of age, who in crossing a city street in broad daylight at a place where there is nothing to distract his attention sees a street car, which could have been seen for a distance of at least five hundred feet, rapidly approaching, and deliberately attempts to cross in front of it when very near and is struck by the car, is negligent as matter of law.

TORT by the administrator of the estate of Asher S. Stone for causing· the death of the plaintiff's intestate as stated in the opinion.   Writ dated December 18, 1907.

In the Superior Court the case was tried before *Morton,* J., who at the close of the plaintiff's evidence ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*A. K. Cohen,* for the plaintiff.

*E. P. Saltonstall,* for the defendant.·

HAMMOND, J.   While crossing the tracks of the defendant on Washington Street in this city, near Guild Street, about nine o'clock in the forenoon of August 3, 1907, the plaintiff's intestate, a man then sixty-three years of age, was struck by a car and killed.

The accident occurred in broad daylight.   There is no evidence that the deceased received any invitation from the defendant or any one else to cross, nor that there were any other vehicles to complicate the situation or to distract his attention at the precise time of the accident.   Nor was there anything to shut off the view of the car for at least five hundred feet from the place of the accident.   There was no wind or rain to interfere with his view or to distract or require his attention; nor does it appear that he became suddenly confused.   If the witnesses for the plaintiff are to be believed, the intestate, seeing a rapidly moving car approaching, deliberately attempted to cross when it was so near that the attempt was rash in the extreme.   The case falls far short of showing due care on his part.   It· is clearly distinguishable from

*Albee* v. *Boston Elevated Railway,* 209 Mass. 6, upon which the plaintiff relies, and it must be classed with *Haynes* v. *Boston Elevated Railway,* 204 Mass. 249, and similar cases.

*Exceptions overruled.*