DOMENICO SPOATEA *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.    September 23, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DECOURCY, JJ.

*Negligence,* Street railway.

Evidence, that one riding a bicycle in the night-time on a wide street became so blinded by a "large night reflector" headlight on a street car coming round a curve that he was unable to guide his bicycle and ran into a team at a place where there was plenty of room for him to pass the team without collision if he had not become blinded by the light, that the light was "the same light on the cars that" he had seen "them ordinarily use," and that the track of the street railway was at the side of the street, is not sufficient to show that the injury to the rider was caused by negligence in the use of the light.

TORT for personal injuries received by a collision in the night-time between the plaintiff, riding on a bicycle, and a team on the highway, alleged to have been caused by the plaintiff becoming blinded by a headlight of great power used on a street car of the defendant. Writ dated August 2, 1909.

In the Superior Court the case was tried before *McLaughlin,* J. The plaintiff was the only witness. Material portions of his testimony are stated in the opinion. At the close of his testimony the plaintiff rested, and at the request of the defendant the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. E. Couch,* for the plaintiff.

*H. W. Ely & J. B. Ely,* for the defendant.

RUGG, C. J. The plaintiff traveling in the night-time upon a bicycle on a highway was injured by collision with a team. It is sought to fasten liability upon the defendant because a headlight upon one of its cars proceeding on its track dazzled the plaintiff so that he ran into the team. The plaintiff testified: — "The light blinded me, I was unable to guide my bicycle. . . . It blinded me for the moment and I could not see; . . . it was one of those large night reflectors. . . . It was the same light on the cars that I saw them ordinarily use, that is about the same. . . . The light was thrown upon me as it rounded a curve. I was coming down the hill, straight down when the car rounded the curve." The plaintiff saw the team a few steps ahead. The street was wide, and the tracks of the defendant were on its side, and there was plenty of room to pass without collision but for the blinding effect of the light.

This, in substance, is the plaintiff's case. It is too meagre to show any negligence on the part of the defendant, either in the character or management of the light or in the running of the car. At most, there appears to have been only a momentary blinding of the plaintiff, as the rays from a headlight such as are in common use included him in their range for an instant while the car came around a curve. More facts than these must appear before it can be said that there was fault in the use or operation of the light or car.

*Exceptions overruled.*