HARRISON A. PLYMPTON, administrator, vs. BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   January 19, 1914.— February 27, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of highway, Street railway.

If a man between sixty and seventy years of age, who is under no physical dis-
ability and is in possession of all his faculties, attempts to cross an unobstructed
street containing parallel street railway tracks, on one of which a street car
is approaching at the rate of twenty-five miles an hour, and steps in front of the
car when it is only ten or fifteen feet away, and apparently does not see or hear
the car until the instant before he is struck by it, when he tries in vain to with-
draw and suffers injuries that result in his death, the administrator of his estate
cannot recover from the corporation operating the railway for his death or
conscious suffering, as there is no evidence that he was in the exercise of any
care for his safety.

CROSBY, J.  This is an action of tort brought by the administra-
tor of the estate of Moses Casper to recover for his death and con-
scious suffering.  He was struck by a car of the defendant on
October 25, 1911, while crossing Blue Hill Avenue in Boston, be-
tween six and seven o'clock in the morning, and received injuries
which resulted in his death three days afterward.  He was
familiar with the locality and lived near the scene of the accident.
The defendant maintained upon this street double tracks, upon
each of which cars ran between Grove Hall and Dudley Street.  The
plaintiff's intestate was struck by a north bound car at a point
forty to fifty feet north of Brunswick Street, which intersects
Blue Hill Avenue.  There was evidence to show that the car was
running at the rate of twenty-five miles an hour when it passed
Devon Street which also intersects Blue Hill Avenue, and is the
next street south of Brunswick Street and almost two hundred
and fifty feet from the place of the accident.

The plaintiff's intestate had attended services at a synagogue
on Blue Hill Avenue that morning, and, walking slowly, under-
took to cross the avenue.  He was between sixty and seventy
years of age, and there is no evidence to indicate that he was
laboring under any physical disability or that he was not in full

possession of all his faculties. So far as appears there was nothing to confuse him or to engage or distract his attention; the street, from the place of the accident to the south, was perfectly straight for a distance of eight hundred feet. There was evidence to show that when the car was at Devon Street the decedent left the sidewalk and proceeded to cross the street, and stepped upon the street railway track in front of the car when it was not more than ten or fifteen feet away and moving fast; that he was knocked down and received the injuries which resulted in his death. There is an entire absence of any evidence to show that he took any precaution to ascertain whether there was any car approaching, or that he did anything else to guard against injury before leaving the sidewalk or at any time thereafter; and there is nothing to indicate that he ever saw or heard this car until the instant before he was struck, when it appeared that he tried to run away from the dangerous position in which he had placed himself. There was other evidence which, if believed, indicated that the front of the car was only two or three feet from him when he first stepped upon the track and started to cross it.

If the decedent saw the car and stepped upon the track when it was ten or fifteen feet away, he was not in the exercise of due care. If he did not know of the approach of the car, we are led to the conclusion that his failure to see or hear it must have been due to the absence of any precaution whatever on his part for his safety.

While it is not necessary for a plaintiff, in order to recover, to prove any positive act of care, yet the circumstances as shown by the evidence must be such that it may be inferred; but if such an inference cannot be drawn and the evidence leaves the question wholly one of conjecture, then the plaintiff has failed to offer any evidence of care and it must be ruled that he cannot recover. *Maguire* v. *Fitchburg Railroad,* 146 Mass. 379. *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290. *Prince* v. *Lowell Electric Light Co.* 201 Mass. 276. *Taylor* v. *Pierce Brothers,* 213 Mass. 247.

There is no evidence which would warrant a finding that the accident happened by reason of an error of judgment on the part of the plaintiff's intestate in believing that he had sufficient time to cross the track before the car reached him, because there is nothing in the record to indicate that he was aware of its presence

until (as one witness testified) the car was "right on him" and he attempted to run back.

It is contended by the plaintiff that his ·intestate relied upon the car's stopping at the white post at the corner of Brunswick Street, which was about fifty feet south of where the car struck him. This contention is based upon the assumption that he knew of the approach of the car, which is not warranted by the evidence, yet, if it could be inferred, then he had actual knowledge of its coming. His conduct in stepping upon the track when the car was ten or fifteen feet away is as consistent with the theory that he had not seen it and went upon the track without exercising any care to avoid it, or that he had allowed the fact of its approach to escape his memory, as with the theory that he saw the car and formed a judgment that he could cross over in safety. As was said by this court in *Gleason* v. *Worcester Consolidated Street Railway,* 184 Mass. 290, 293: "If we also assume, as the plaintiff contends could be inferred fairly, that he had just seen the approaching car as he was looking towards it while talking with the fireman, he had had actual knowledge that a car was then approaching. His conduct in stepping on to the track within eight or ten feet of the car is as consistent with the theory that he had not seen the car and went upon the track without taking any care to avoid being hit, or that he had forgotten that it was approaching and so took no care or precaution, as with the theory that he had the danger in mind, and thought that he had time to enter upon the track and still get out of the way of the car." *Mathes* v. *Lowell, Lawrence & Haverhill Street Railway,* 177 Mass. 416. *Haynes* v. *Boston Elevated Railway,* 204 Mass. 249. *Stone* v. *Boston Elevated Railway,* 211 Mass. 365. *Morse* v. *Boston Elevated Railway,* 216 Mass. 579. *O'Brien* v. *Boston Elevated Railway, ante* 130.

In our opinion there was no sufficient or appreciable evidence that the plaintiff's intestate exercised due care; and therefore a verdict for the defendant was rightly ordered.*

*Exceptions overruled.*

*J. L. Sheehan,* (*H. A. Plympton* with him,) for the plaintiff.
*E. P. Saltonstall,* (*C. W. Blood* with him,) for the defendant.

---

\* *White,* J.