HANS HANSEN *vs.* FITCHBURG AND LEOMINSTER STREET RAILWAY COMPANY.

Worcester.    October 4, 1915. — October 14, 1915.

Present: RUGG, C. J. LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Report. *Negligence. Evidence,* Presumptions and burden of proof.

In an action of tort for personal injuries alleged to have been caused by the defendant's negligence, where the presiding judge ordered a verdict for the defendant and reported the case for determination by this court, the plaintiff, in order to prevail in this court, must show affirmatively by the case as stated in the report that he was entitled to go to the jury.

Where, as in the present case, the report to this court by a presiding judge who ordered a verdict for a defendant is so meagre and indefinite that the facts in regard to the accident which caused the plaintiff's injury cannot be apprehended accurately, and there is nothing in the record showing negligence on the part of the defendant, and where the report states that if there was any evidence

to warrant the submission of the case to the jury, judgment is to be entered for the plaintiff in a sum named, and that otherwise judgment is to be entered for the defendant on the verdict, it is necessary to order judgment for the defendant in accordance with the terms of the report.

TORT for personal injuries sustained by the plaintiff on February 4, 1914, by reason of a collision of a car of the defendant with a buggy in which the plaintiff was driving on River Street in Fitchburg.   Writ dated July 18, 1914.

In the Superior Court the case was tried before *Hall*, J.   The judge at first refused to instruct the jury that on all the evidence the plaintiff could not recover, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $315. Thereupon the judge refused to accept the verdict and ordered a verdict for the defendant.   At the request of both parties the judge reported the case for determination by this court.   If there was any evidence to warrant the submission of the case to the jury, judgment was to be entered for the plaintiff in the sum of $315;   otherwise, judgment was to be entered for the defendant on the verdict.

The case was submitted on briefs.

*J. A. Stiles, A. Z. Goodfellow & C. S. Anderson,* for the plaintiff.
*C. F. Baker & E. W. Baker,* for the defendant.

DE COURCY, J.   On the evening of February 4, 1914, the plaintiff, in a hired carriage, was driving westerly round a curve in River Street, Fitchburg, and came into collision with a street railway car of the defendant which was coming from the opposite direction. The record is meagre and indefinite as to the facts of the accident, and the plan is of little aid because we have no means of locating the places on it to which the witnesses were pointing when they testified, for instance, that the car was "there," or the light was shining "down here."   Even objects to which reference is made, such as the electric pole and the watering trough, are not indicated on the plan.   If for that reason we have not apprehended accurately the circumstances attending the collision, the consequences must fall upon the plaintiff, whose duty it is, as excepting party, to satisfy us that on the evidence presented by the report he was entitled to go to the jury.

All that appears definitely is that the plaintiff was driving close to the track, which was on his right; that he saw the light of

the car about one hundred and fifty feet away; that when the car came round the curve so that the head light shone upon the horse, the animal bolted and swung around, cramping the buggy; that the car was then "a little place away," and the motorman turned off the light and brought the car to a stop after it had pushed the carriage four or five feet. Nothing was broken, no injury was done to the carriage, and the plaintiff remained in it and drove away.

On the issue of the defendant's negligence there is no contention that the car was running at an excessive rate of speed. What the plaintiff argues is that the jury could have found the motorman negligent in not sooner turning off the light or stopping the car. But, so far as the record shows, the motorman turned off the light immediately when the horse showed signs of uneasiness. Nor on the facts disclosed can it be said that he was negligent in not stopping the car sooner. We are unable to locate the spot where the collision occurred and cannot determine from the testimony or the plan how far away the plaintiff's wagon was when it came within view of the motorman as the car rounded the curve. No reason is disclosed for stopping the car until just as the collision became imminent. The plaintiff had the unobstructed use of the street, as the team which was coming in the opposite direction had not approached within forty feet of him at the time of the collision. It does not appear that the motorman had any reason to anticipate that his car would not safely pass the plaintiff until the horse swung round; and then the side of the carriage, between the front and rear wheels, was struck by the fender before the car could be brought to a standstill. "It all happened so quick," in the language of one of the witnesses.

On the question of the defendant's negligence the case is governed by *Spoatea* v. *Berkshire Street Railway*, 212 Mass. 599. As in that case, so here, the evidence is "too meagre to show any negligence on the part of the defendant, either in the character or management of the light or in the running of the car."

In accordance with the report the entry must be

*Judgment for the defendant.*