ALPHONSO OSBORNE *vs.* BAY STATE STREET RAILWAY COMPANY.
RICHARD OSBORNE *vs.* SAME.

Essex.    November 19, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.

Where, at the trial of an action against a street railway company by a boy who, when seven years of age, was run into by a street railway car of the defendant, the evidence, looked upon in the light most favorable to the plaintiff, tends merely to show that the plaintiff, approaching the car track when he thought the car was standing still, put one foot on the nearest rail when the car was moving and six feet from him, then stepped back from the rail far enough, as he thought, to be safe and stood there as the car approached and did not strike him and that he was struck by the overhang of the side of the car and was knocked under the rear wheels, a finding of negligence of the motorman is not warranted and a verdict should be ordered for the defendant.

TWO ACTIONS OF TORT, the first for personal injuries received when the plaintiff, a boy seven years of age, was run over by a street railway car of the defendant, and the second by the father of the plaintiff in the first action for consequential damages. Writs dated June 20, 1914.

In the Superior Court the cases were tried together before *Hamilton,* J. The material evidence is described in the opinion. At the close of the evidence, the judge refused to rule that on all the evidence the plaintiffs were not entitled to recover, that there was no evidence that the plaintiff in the first case was in the exercise of due care or any care and that there was no evidence of any negligence on the part of the motorman or conductor. There was a verdict for the plaintiff in the first case in the sum of $1,500 and for the plaintiff in the second case in the sum of $500. The defendant alleged exceptions.

The cases were submitted on briefs.

*S. Parsons & H. A. Bowen,* for the defendant.

*A. F. Keefe & W. A. Pew,* for the plaintiffs.

CROSBY, J. Alphonso Osborne, who hereinafter will be referred to as the plaintiff, received the injuries on account of which these actions were brought on July 8, 1912. At that time he was about

seven years of age. Shortly before the accident the plaintiff, with two companions, had been playing on Lynn Common in the city of Lynn. The defendant's track was located on North Common Street, which is a street extending along the northerly side of the Common. There is an iron fence along the side of this street, between the Common and the street. The distance from the track to the Common at the place of the accident was about six feet. There was no sidewalk between the car track and the fence. There was evidence that just before the plaintiff was injured he was sent upon an errand by his grandfather; that he started from the Common, went under the iron fence, and was struck by a car and knocked under and in front of the rear wheels, and his left foot was cut off by the wheels of the rear truck.

The question whether the cases were properly submitted to the jury must be determined upon the evidence most favorable to the plaintiff.

The plaintiff testified that as he came up to the fence he saw the car standing at the white post; that as he went through the fence the car was standing still; that when he got on to the street he put his foot out to cross the track; that at that time the car was moving. He further testified: "When I saw the car had started and I was standing with my foot across the rail I stepped back. I didn't go further back because I thought that was far enough. . While standing there the car came along and struck me right above my trousers, here. When the car struck me I fell down, my foot went on the track, the rear wheels ran over my foot, the left foot. I heard the gong sounded on the car." He also testified that he stepped out over the first rail of the car track when the car was about six feet from him, and then stepped back from the rail one and a half feet and stood there until he was struck by the car. He further testified that he was not struck by the front end of the car; that the front part of the car had passed him and that he was struck by the middle of the car and was knocked down and his foot went under the rear wheels. There is no evidence to show that the forward part of the car had not passed him before he was struck. The overhang of the car was eighteen and three quarters inches from the track. The highest estimate of the speed of the car at the time the plaintiff was struck was ten to twelve miles an hour.

The defendant contended and offered evidence to show that the plaintiff was not injured in the manner as testified to by him, but was knocked or fell under the wheels while attempting with his companions to steal a ride. The motorman testified that when he stopped his car at the white post he saw three boys on the fence about eight or ten feet back from the post; that when he started his car he was looking ahead, and that "there was not any little boy in front of him outside the common fence or near the track."

Upon the question whether the motorman was negligent, we must assume that the plaintiff was standing about eighteen inches from the track as the car approached. The undisputed evidence shows that he was far enough away from the track to avoid coming in contact with the forward part of the car and was not struck until half the length of the car had passed him.

Upon these facts there is nothing to show negligence of the motorman. Even if he saw the plaintiff, the forward part of the car passed him in safety, and the motorman was justified under the circumstances in assuming that the plaintiff was not in danger of injury. The motorman was not bound to anticipate that afterwards the plaintiff might come into collision with the car. Unless the track curved at the place of the accident, or unless the plaintiff moved nearer to the car after the forward end had passed him, it is difficult to understand how he could have been struck. The case at bar is governed by such cases as *Hutchinson* v. *Boston & Maine Railroad,* 219 Mass. 389, *Brightman* v. *Union Street Railway,* 216 Mass. 152, *Kiley* v. *Boston Elevated Railway,* 207 Mass. 542, *Widmer* v. *West End Street Railway,* 158 Mass. 49.

As there was no evidence to justify a finding that the motorman was negligent, we need not decide whether the plaintiff, who stood about eighteen inches away from the track of an approaching car with nothing to distract his attention when the car was in plain sight and he knew of its approach, could have been found to be in the exercise of due care.

The defendant's request for a ruling that on all the evidence the plaintiffs are not entitled to recover should have been given.

The result is that in each case the exceptions must be sustained and judgment entered for the defendant under St. 1909, c. 236.

*So ordered.*