ANTONY SELIBEDEA *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester. November 3, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence*, Street railway. *Evidence*, Matters of common knowledge. *Words*, "Fast."

Where a boy about fifteen years of age in crossing a street on his way to a store was on the top of a bank of earth, fourteen inches high and about two feet distant from the nearer rail of a street railway track, that had been dug from a trench by the side of the track, and where the forward part of a car on the track, going "fast" but not at an undue rate of speed for such a place, passed the boy, when his foot slipped on the loose earth and he came in contact with the

middle of the side of the car and was injured, it was *held*, that there was no evidence of negligence on the part of the motorman operating the car, whether he saw the boy or not; because, if he saw him, he saw him standing upon the bank apparently in a place of safety.

Evidence that a street railway car was going "fast" without any other indication of its rate of speed and without regard to the conditions existing at the time is too uncertain and indefinite to warrant a finding of negligent or improper operation.

The fact that a street railway car, in passing a boy who was standing on a bank of earth, created a current of air is not evidence of an undue rate of speed.

It is a matter of common knowledge that street railway cars cannot be run at any considerable rate of speed without creating a current of air.

TORT for personal injuries sustained on June 11, 1913, when the plaintiff was fourteen years and ten months of age, from being struck by the side of a street railway car alleged to have been operated negligently by servants of the defendant on Bloomingdale Road, a public highway in the city of Worcester. Writ dated July 16, 1913.

In the Superior Court the case was tried before *Hall*, J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that upon all the evidence and the pleadings the plaintiff could not recover and that the verdict must be for the defendant. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

A reduced copy of a part of the plan referred to in the opinion is printed on page 78.

The case was submitted on briefs.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

*J. F. McGrath & W. A. Loughlin,* for the plaintiff.

CROSBY, J. The plaintiff, while upon a highway called Bloomingdale Road in the city of Worcester, came in contact with a car of the defendant and received the injuries for which he seeks to recover in this action. At the time he was injured he was fourteen years and ten months old. The accident occurred on June 11, 1913, at about twenty-five minutes past nine o'clock in the evening.

Bloomingdale Road is a street three rods wide, running in a northeasterly and southwesterly direction. The defendant maintained a single track in about the centre of the street. Before the accident a trench had been dug by the Worcester Gas Light Company

on the southeasterly side of the street which, at the time of the accident, was open from a point a short distance northeast of No. 402 Bloomingdale Road to a point southeast of No. 388 on the same street, and dirt and other material from the trench had been thrown upon the street upon both sides of the trench. At the place of the accident there was a bank of dirt about fourteen inches high along the southeasterly rail and about two feet distant therefrom. There was no sidewalk on this side of the street in front of the premises No. 388, where the plaintiff lived, and a plank was placed across the trench in front of these premises over which persons might walk. Shortly before the plaintiff was injured he

was sent upon an errand by his father. He intended to go to a store at No. 402 which was northeast of the place where the plaintiff lived and on the same side of the street. When he came out of the house he saw a car coming toward him from the east several hundred feet away. He crossed over the plank above referred to, and, crossing the street railway track, reached the opposite side of the street and proceeded along the sidewalk. Leaving the sidewalk he crossed the street in a diagonal direction toward the store. He testified that after crossing the track he took a few steps but before reaching a plank which was across the trench about in front of the store the car came along and he could go no farther and stepped on the bank of dirt which extended alongside the track; that the forward part of the car passed him, and when he was about opposite the middle part his foot slipped in the dirt and he was struck by the side of the car and knocked down and injured. He testified that the car was going fast and that "wind came by like that and made me slip like that and the car got

into me." Later in cross-examination, he said in substance that he slipped while standing upon the dirt and that the wind did not cause him to slip. The motorman testified that he did not see the plaintiff and did not know of the accident until some time afterwards. Aside from the testimony of the plaintiff, there was no evidence as to the circumstances attending the accident.

While the jury were not bound to accept the motorman's testimony that he did not see the plaintiff or might have found that he would have seen him if he (the motorman) had been in the exercise of due care, still we are of opinion that, if the motorman is chargeable with knowledge of the presence of the plaintiff, the latter was standing upon the bank apparently in a place of safety when the forward part of the car passed and there was no reason to assume that he would be injured. If the motorman saw him, he had a right under the circumstances to assume that the plaintiff was far enough away from the track not to be struck. He was right in that assumption because it appears upon the uncontradicted testimony that the plaintiff was not struck by the car, but that his foot slipped upon the dirt and he came into contact with the side of it. We do not think the motorman could be expected to anticipate so unusual an occurrence.

Upon the facts as disclosed by the evidence, we are of opinion that there was no evidence of negligence on the part of the defendant. Accordingly we need not consider whether the plaintiff could have been found to have exercised reasonable care.

The plaintiff testified that the car was going fast and that the speed was uniform. If the car was going fast, there is no evidence to show that at that time and place, under the circumstances, its rate of speed was unusual or improper. Evidence that a car is running "fast" without anything to indicate its rate of speed, or the existing conditions at the time, is evidence too uncertain and indefinite to warrant a finding of negligent or improper operation.

If the movement of the car as it passed the place where the plaintiff stood created a current of air, that is not evidence of an unreasonable rate of speed. It is common knowledge that cars cannot be run at any considerable speed without such a movement of air. *Furey* v. *Worcester & Southbridge Street Railway*, 203 Mass. 434.

The facts in this case are quite different from those in *Gray* v.

*Batchelder,* 208 Mass. 441, relied on by the plaintiff. In that case the plaintiff was hit by the swerving of the rear end of an automobile after the forward part of it had passed her. The plan in the case at bar shows that the defendant's track was straight at the place of the accident and that the plaintiff could not have been hit by the car if he had not slipped and fallen against it after the forward part had passed him. This case is much like *Osborne* v. *Bay State Street Railway,* 222 Mass. 427, recently decided by this court.

We are of opinion that the defendant's request that the plaintiff could not recover should have been given. The exceptions must be sustained and judgment entered for the defendant in accordance with St. 1909, c. 236.

*So ordered.*