John Welsh, administrator, *vs.* Concord, Maynard and Hudson Street Railway Company.

Middlesex.    January 13, 1916. — March 2, 1916.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Negligence,* Causing death, In use of highway.

If a woman, wishing to take a street railway car which she sees approaching on a track at the opposite side of the street, runs or walks rapidly diagonally across the street in an attempt to reach a white post in time to take the car, waving her arms in the direction of the car to signal to the motorman to stop and, when the

car is only about ten feet away from her, goes upon the track and is struck and killed by the car, which is moving at a high rate of speed, the administrator of her estate cannot maintain an action against the corporation operating the railway under St. 1906, c. 463, as amended by St. 1907, c. 392, for negligently causing her death, there being no evidence that she was in the active exercise of reasonable care for her safety.

CROSBY, J.   This is an action brought to recover damages for the death of Mary Welsh, the plaintiff's intestate, who was run over and killed by an electric street railway car of the defendant on Main Street in Concord on the evening of November 27, 1913. Main Street runs in an easterly and westerly direction, the defendant's track being on the southerly side of the street. There was a sidewalk on the northerly side of the street in this locality, but none on the southerly side. The plaintiff's intestate, with three other persons, on the evening of the accident had been visiting at the house of one Coyne on the northerly side of the street. The deceased and her three companions left the house about ten o'clock to take a car coming from the west. They saw the car while on the piazza of the Coyne house and when it was about eight hundred and seventy-five feet away. They travelled diagonally across the street in the direction of a white post which was located about one hundred and seventy-six feet easterly from the Coyne house. The evidence shows that they intended to reach the post in time to get the car. One of these persons, Callahan, testified that he ran along the sidewalk ahead of the others to signal the car. The deceased and Mrs. Callahan went toward the post along the travelled part of the highway. The deceased, as she went along, was either running or walking rapidly, and there is evidence that she waved her arms in the direction of the car to signal it. There is evidence that when she was about twenty feet from the post and when the car was only about ten feet away from her she went upon the track and was struck by the car which at the time was running at a high rate of speed.

In order that the plaintiff may recover, there must be some evidence to show that his intestate was in the active exercise of reasonable care and attention for her safety. Mere negative conduct, amounting only to freedom from fault, is not sufficient to warrant a recovery under the statute. St. 1906, c. 463, as amended by St. 1907, c. 392. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467. The deceased was not a passenger, nor did she be-

come entitled to the rights of a passenger by signalling the car. *Duchemin* v. *Boston Elevated Railway*, 186 Mass. 353.

At the close of the evidence, the judge of the Superior Court * ruled that the plaintiff could not recover and ordered a verdict for the defendant. The case is before us on the plaintiff's exceptions. We are of opinion that there was no evidence from which it could be found that the plaintiff's intestate was in the exercise of due care and that the verdict for the defendant was ordered rightly.

A person travelling upon the highway must exercise care to avoid known dangers. The gong was not sounded upon the car, nor was any signal given of its approach, but this is immaterial so far as the conduct of the deceased is concerned. She knew that the car was approaching and was endeavoring to take it at the white post. The facts as they appear from the undisputed evidence make it plain that, in her hurry and confusion to obtain passage upon the car, the plaintiff's intestate ran upon the track directly in the path of the car without regard to the manifest danger which confronted her. The car had been in plain sight from the time she left the Coyne house up to the time she was struck. There was no reason why she should have left a place of safety upon the highway and started to run or walk across the track when the car was but a few feet away and approaching at a high rate of speed. There was, so far as the evidence discloses, nothing to distract her attention, and no evidence that her senses were defective. While the accident was most unfortunate, we cannot escape the conclusion that the deceased, in her hurry to reach the post and take the car, in utter disregard for her safety, precipitated herself upon the track in front of a rapidly moving car, a place of great and obvious peril.

If we assume in favor of the plaintiff that there was some evidence that the defendant was negligent in running the car at too high a rate of speed, still that cannot affect the conduct of the deceased. As it could not be found that the plaintiff exercised any care for her safety, we are of the opinion that a verdict for the defendant was ordered rightly. *Adams* v. *Boston Elevated Railway*, 219 Mass. 515. *Plympton* v. *Boston Elevated Railway*, 217 Mass. 137. *Morse* v. *Boston Elevated Railway*, 216 Mass. 579.

---

* *Bell, J.*

*Lawrence* v. *Fitchburg & Leominster Street Railway,* 201 Mass.
489. *Neale* v. *Springfield Street Railway,* 189 Mass. 351. *Mathes*
v. *Lowell, Lawrence, & Haverhill Street Railway,* 177 Mass. 416.

*Exceptions overruled.*

*J. J. Feely,* (*E. F. Loughlin & H. A. Baker* with him,) for the
plaintiff.

*A. A. Ballantine,* (*H. H. Gilman* with him,) for the defendant.