EDWARD K. O'DONNELL *vs.* BAY STATE STREET RAILWAY COMPANY.

MAURICE O'DONNELL *vs.* SAME.

Essex.    November 10, 1916. — April 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.

At the trial of an action by a boy seven years of age against a street railway company for personal injuries, it appeared that the boy left the sidewalk of a street containing the defendant's track twenty-five feet from the nearest rail and started on a trot to cross the street diagonally, reaching the track fifty feet along the street from his starting point; that just as he reached the track his father and others shouted to him from the side of the street; that he turned to get off the track and was struck by the running board of the defendant's car which had approached, unaccompanied by sound of bell or gong, and that there was an unobstructed view up the street toward the car for one hundred yards. The only evidence as to the speed of the car was that, just before it reached the plaintiff, it was "going very fast," and that all the events, the start of the boy, the coming of the car and the accident, were measured in time by the snapping of a finger. The judge, subject to exceptions by the defendant, refused to order a verdict for the defendant and there was a verdict for the plaintiff. *Held,* that there was no evidence of negligence of the defendant, that its exceptions must be sustained and that judgment should be entered in its favor under St. 1909, c. 236.

Two ACTIONS OF TORT, the first for personal injuries received by a boy seven years of age when he was run into by a street car of the defendant; and the second by the father of the boy for consequential damages. Writs dated August 4, 1914.

In the Superior Court the cases were tried together before *Quinn,* J. The material evidence is described in the opinion. The automobile there referred to was standing beside the curb from which the plaintiff started toward the defendant's track and the plaintiff's father was engaged in conversation with its occupants. The judge refused to order verdicts for the defendant. The jury found for the plaintiff in the first action in the sum of $1,000, and for the plaintiff in the second action in the sum of $150. The defendant alleged exceptions.

The case was argued at the bar in November, 1916, before *Rugg,* C. J., *De Courcy, Crosby, Pierce, & Carroll,* JJ., and afterwards was submitted on briefs to all the justices.

*W. D. Turner,* for the defendant.

*W. A. Pew,* for the plaintiffs.

PIERCE, J. These were two actions of tort, tried together; the first, to recover damages for personal injuries sustained by a child (hereinafter called the plaintiff) by reason of a collision with a street car of the defendant; the second, by the father of the plaintiff to recover damages to him consequent upon the injury to his son. The accident happened July 12, 1914, on Highland Avenue running south from Salem to Lynn, at about 4:55 o'clock on a pleasant Sunday afternoon. The plaintiff, a bright, intelligent boy seven years of age, was capable of exercising due care. At the conclusion of the evidence the defendant moved that a verdict be directed for it, which the judge refused to do, and the defendant excepted.

The testimony for the plaintiff showed that he started with his brother, who was nine years of age, from a point about twenty-five feet west of the nearest rail of the tracks to cross to the east side of the avenue; that he ran or "trotted," followed by his brother, in a diagonal southerly direction until he reached the car track at a point fifty feet to the south of the place of his departure; that as he came to the track his father and others shouted to him; that he turned and tried to get off the track and that he was struck by the running board of the car.

The evidence for the plaintiff also showed that it was possible.

to have seen the coming car for at least one hundred yards; that before starting to cross the track (but how long before does not appear) the brother looked "but didn't see any car coming;" that the plaintiff was not seen to look; that the car when first seen by any witness was about fifty feet from the place of collision, "going very fast" and unaccompanied by sound of bell or gong. Although the car was plainly visible as it passed over a space of one hundred yards, no witness testified to seeing it until the plaintiff was about to step on the track and it was fifty feet away from the place of contact. The only evidence offered by the plaintiff concerning the speed and operation of the car was that of the witness Titus, who said: "When I first noticed the car it had just passed the automobile, [the point from which the plaintiff started] just before they screamed. No bell or gong was sounded on the car. The car was going very fast;" and the testimony of the father, that the car was coasting and going very fast when opposite the automobile. The father also testified that the whole episode, that is, the start of the boy, the coming of the electric, and the accident, was measured in time by the snapping of his finger. The witness Titus testified that " it all happened like the snap of a finger."

Upon the facts thus disclosed, a majority of the court are of opinion that the jury would not be warranted in finding that the car was run at an excessive rate of speed, that the motorman was negligent in "coasting," in not ringing the bell or gong, or in not anticipating and foreseeing that boys would suddenly run out from behind the automobile at the side of the road and attempt to cross the track in the face of his car. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536. *Donahue* v. *Massachusetts Northeastern Street Railway*, 222 Mass. 233. *Selibedea* v. *Worcester Consolidated Street Railway*, 223 Mass. 76.

It is unnecessary to consider whether as matter of law the defendant has affirmatively established that the negligence of the plaintiff contributed to his injury. St. 1914, c. 553.

A verdict should have been directed for the defendant. The exceptions must be sustained and judgment entered for the defendant in accordance with St. 1909, c. 236.

*So ordered.*