MARY L. ANGER, executrix, vs. WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

SAME vs. SAME.

Worcester.   September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.   *Evidence,* Materiality.

Running an electric street railway car after dark upon a track on a country road,
"sparsely settled," at the rate of from twenty to twenty-five miles an hour
and having a searchlight at the head of the car, not different from or more
powerful than those in common use after dark upon street cars in such places,
is not evidence of negligence in the operation of the car.

In an action by an executor against a street railway corporation for causing the
death of the plaintiff's testator by running into him with a car which he knew
was approaching, when he was running ahead of it in order to board it at a
station where he knew it would stop, evidence that the motorman failed to ring
a bell or sound a whistle to give notice of the car's approach is immaterial, be-
cause a failure to give such a signal could not have misled the testator, who
knew of the car's approach, and consequently such failure could not have
caused his injury and death.

In the same case it was *held* that evidence, that, if the bell had been rung or the
whistle had been sounded, the testator would have heard it, properly was ex-
cluded as immaterial.

In the same case it was *held* that the motorman's failure to anticipate that the
testator would run so near the track as to be hit by the car or would attempt
to cross the track at a place where it would be impossible to avoid an accident
was no evidence of negligence.

In the same case it was *said,* that, as there was no evidence to warrant a finding
that the defendant was negligent, it was not necessary to consider whether
under St. 1914, c. 553, it was shown as matter of law that the negligence of the
intestate contributed to his injury and death.

TWO ACTIONS OF TORT by the executrix of the will of John B.
Anger, late of Worcester, the first for causing the death of the
plaintiff's testator, and the second for causing his conscious suffer-
ing, by running into him with a street railway car of the defendant
at about eighteen minutes past six o'clock in the afternoon of Sep-
tember 24, 1916, near Prospect Park in the town of Auburn in the
county of Worcester.   Writ dated November 2, 1916.

In the Superior Court the cases were tried together before

*Bell,* J.  The evidence is described in the opinion.  At the close of the evidence the judge on motion of the defendant ordered a verdict for the defendant in each of the cases.  The plaintiff alleged exceptions.

*F. B. Spellman,* for the plaintiff.

*C. C. Milton,* for the defendant.

CROSBY, J.  The first action is brought to recover for the death of the plaintiff's testator, John B. Anger; the second, is to recover for his conscious suffering.

The deceased was struck by an electric car operated by the defendant on the evening of September 24, 1916, near Prospect Park in the town of Auburn.  The record shows that the deceased and four others, two of whom were his sons, left a house in Auburn to board a trolley car at the Prospect Park station to go to Worcester; that, with one of his sons and one Cote, he walked along Bryn Mawr Avenue until they came to a point about eight hundred feet from the place of the accident, when they heard an electric car coming behind them; they could not see it, but heard the buzzing and saw electric sparks on the trolley wire; that they then started to run toward the Prospect Park station for the purpose of boarding the car at that place, — the son of the deceased running ahead of his father and Cote; that the latter, after running some distance, stopped, and the car went past him; and that the deceased continued to run until he reached a point about at the intersection of Bryn Mawr Avenue and Park Street when he was struck by the car and received injuries which soon afterwards resulted in his death.  There was evidence that the car was running at a rate of from twenty to twenty-five miles an hour, that no signal was given, and that there was a powerful searchlight on the car.  From this evidence, it is the contention of the plaintiff that the jury could have found the testator's injuries and death were due to the negligence of the defendant.

The record shows that it was a dark night and that Bryn Mawr Avenue was "a country road and sparsely settled."  There is no evidence to show that at that time and place, under the circumstances, the speed of the car was unusual or improper.

The searchlight upon the car does not appear to have been different or more powerful than is in common use at night upon street cars in such places, and its use at the time and place of the

accident could not properly have been found to be negligent. *Spoatea* v. *Berkshire Street Railway*, 212 Mass. 599.

Upon the facts disclosed, the jury would not have been warranted in finding that the motorman was negligent if he failed to ring the bell or to sound the whistle, as his failure to do so could not have been found to have misled the deceased and his companions as to the approach of the car. They knew of its coming and for that reason were running ahead of it in order to board it at the station where they knew it would stop for passengers. *Altavilla* v. *Old Colony Street Railway*, 222 Mass. 322, 326. *Selibedea* v. *Worcester Consolidated Street Railway*, 223 Mass. 76, 79. *O'Donnell* v. *Bay State Street Railway*, 226 Mass. 418, 420.

It is plain there is no evidence to show that the motorman was negligent; he was not bound to assume that the deceased would either run so near the track or would attempt to cross it at a place where it would be impossible to avoid an accident. *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384. *Brightman* v. *Union Street Railway*, 216 Mass. 152. *Osborne* v. *Bay State Street Railway*, 222 Mass. 427. *Welsh* v. *Concord, Maynard & Hudson Street Railway*, 223 Mass. 184. *O'Donnell* v. *Bay State Street Railway, supra.* *Connors* v. *Worcester Consolidated Street Railway*, 228 Mass. 357.

The exception to the exclusion of the evidence of the witness as to whether, if the bell had been rung or the whistle sounded, he would have heard it, must be overruled. As the deceased knew of the approach of the car, the evidence was immaterial. *Welsh* v. *Concord, Maynard & Hudson Street Railway, supra.*

As there was no evidence to justify a finding that the defendant was negligent, we need not consider whether it has shown as matter of law that negligence of the deceased contributed to his injuries. St. 1914, c. 553.

The result is that in each case the entry must be

*Exceptions overruled.*