ERNEST N. DAIGNEAU vs. WORCESTER CONSOLIDATED
STREET RAILWAY COMPANY.

Worcester.    September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence*, Street railway.    *Evidence*, Matters of common knowledge.

It is not evidence of negligence on the part of a street railway corporation, that one of its cars, running on a track laid over a private way not in a city, passed a white post, which was not a stopping place for that car, at a rate of speed of from twenty to thirty miles an hour.

It is not evidence of negligence on the part of a street railway corporation, that one of its cars, when not being operated in a city, carried a powerful headlight, whose rays had a tendency to dazzle and temporarily blind a person watching its approach, it being a matter of common knowledge that such headlights are in general use under similar circumstances upon electric street railway cars at night.

A person, who stood near a white post watching and waiting for an approaching electric street railway car which he thought was to stop there and raised his hand to signal to the motorman to stop, and who was struck and injured by the running board of the car as it passed him, in an action against the street railway corporation for his injuries cannot contend that the defendant's motorman was negligent in failing to sound a gong or blow a whistle to give notice of the car's approach, because he did not need such notice and the failure to give it could not have caused the accident.

A motorman operating a street railway car at night, who sees a man standing in line with a white post, at which that car is not to stop, which is about five feet from the track, reasonably may believe that the man is not in danger of being struck by the running board of the car as it passes him.

TORT for personal injuries sustained on the evening of July 19, 1916, by reason of being struck by an electric street railway car of the defendant when the plaintiff was standing near a white post a few yards from the car barn at Lake Quinsigamond waiting for the car to stop.    Writ dated September 16, 1916.

In the Superior Court the case was tried before *Morton,* J., who at the close of the evidence, which is described in the opinion, ordered a verdict for the defendant and by agreement of the parties reported the case for determination by this court with a stipulation that, if the ordering of the verdict was right, judgment should be entered for the defendant on the verdict; other-

wise, judgment was to be entered for the plaintiff in the sum of $600.

The case was submitted on briefs.

*J. H. Reid & J. H. Mathews,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

CROSBY, J.   This is an action brought to recover for personal injuries received by the plaintiff, who was struck by an electric car of the defendant.   At the close of the evidence, the presiding judge ordered a verdict for the defendant and reported the case to this court.   All the evidence material to the issues involved is embodied in the report.

The plaintiff testified that he had spent the evening with his friend, one Boland, at the Lakeside Boat Club at Lake Quinsigamond in Worcester, and about 11:45 o'clock in the evening they started to take a car back to the city; that in order to reach a white post at the westerly side of the south bound track where they expected to board the car, they crossed the double tracks and the plaintiff stopped about five or six feet northerly of the white post "and stood almost in a line with it."   He further testified that "it was dark; we saw a car coming from Lincoln Park and waited approximately half a minute and the car was coming toward us; I raised my hand to signal the car to stop; the flash from the headlight shone right in our eyes so I couldn't really see until it came right down on me; the light was glaring in my face and had an absolutely blinding effect on me; I estimated that the car was about half way between the white post and the barn when something struck me; the car was going fifteen or twenty miles an hour at the time I was struck; no gong was sounded or whistle was blown; after I was struck the car stopped at the electric light pole about one hundred and twenty-five feet distant southerly; no whistle was sounded; it was my intention to take this car; I signalled the motorman to stop; it was a Boston and Worcester car; but I did not know it until after I was struck; an open car; I was struck by the running board which injured the shin bones of both my legs; there were two or three steps or running boards on the car instead of one."

The motorman who operated the car at the time of the accident testified that there was no arc light on the car at that time, but that it was equipped with the "regulation headlight."   He also

testified that he saw the plaintiff and Boland cross the track when he was "about ten or fifteen car lengths from the white post the other side of the car barn, a distance between three and five hundred feet."

It is agreed that the defendant's tracks at the place of the accident were on private land, although the defendant does not claim that the plaintiff was a trespasser.

The plaintiff contends that the jury would have been warranted in finding the defendant was negligent because of the speed of the car, because the light from the headlight was so strong as to have a blinding effect upon him, because no signal of the approach of the car was given, and finally, because the motorman made no effort to stop the car.

While there was evidence to show that the car was running at a rate of speed of from twenty to thirty miles an hour, it was so running upon a private way, express to Worcester: it was not scheduled to stop at the white post where the plaintiff stood. Under the circumstances, it could not rightly have been found that the rate of speed was excessive or improper. *Anger v. Worcester Consolidated Street Railway, ante,* 163. *O'Donnell v. Bay State Street Railway,* 226 Mass. 418.

It was not evidence of negligence if the car carried a powerful headlight whose rays had a tendency to blind the sight of the plaintiff as it approached the point where he was standing. It is a matter of common knowledge that such headlights are in general use under similar circumstances upon electric street cars at night. *Spoatea v. Berkshire Street Railway,* 212 Mass. 599. *Hansen v. Fitchburg & Leominster Street Railway,* 222 Mass. 116.

Nor was the failure to ring the bell or to sound the gong or to give some other signal of the approach of the car evidence of negligence of the motorman. Such signal could not have afforded the plaintiff any knowledge which he did not possess; he testified that he saw the car coming and waited approximately half a minute as it came toward him. *Altavilla v. Old Colony Street Railway,* 222 Mass. 322, 326. *Selibedea v. Worcester Consolidated Street Railway,* 223 Mass. 76. *O'Donnell v. Bay State Street Railway, supra.*

There was no failure of duty on the part of the motorman because he made no effort to stop the car, although he had seen the

plaintiff and his companion standing near the white post; it does not appear that he saw the plaintiff or Boland after they crossed the tracks and stood at the post waiting, except when he was on the other side of the car barn from three hundred to five hundred feet north of the white post, and there is nothing to show that he ought reasonably to have anticipated that the plaintiff would stand so near to the track that he would come in contact with the running board on the side of the car. If, as the plaintiff testified, he was standing about in line with the white post and five or six feet northerly of it, the motorman might reasonably believe that he was not in a place of danger. The plan which was put in evidence by the parties shows that the white post is about five feet from the track, and there is no contention that there was not sufficient space for the car to pass without striking it. It follows that if, as the plaintiff testified, he stood about in line with the post, the accident could not have occurred.

The jury would not have been warranted in finding that the defendant was negligent. The case cannot be distinguished in principle from *Connors* v. *Worcester Consolidated Street Railway,* 228 Mass. 357, *O'Donnell* v. *Bay State Street Railway, supra, Selibedea* v. *Worcester Consolidated Street Railway, supra, Osborne* v. *Bay State Street Railway,* 222 Mass. 427, *Brightman* v. *Union Street Railway,* 216 Mass. 152.

It is unnecessary to consider whether the defendant has affirmatively established as matter of law that the negligence of the plaintiff contributed to his injury. St. 1914, c. 553.

In accordance with the terms of the report, the entry must be
*Judgment for the defendant on the verdict.*