CHARLES W. ELDREDGE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 8, 1909. — November 23, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Due care of passenger on street railway car, Street railway.

If one, upon boarding an open electric street railway car, finds all the seats occupied and therefore stands upon the running board, where the conductor collects his fare and thus recognizes him as a passenger, and if, while standing there, he is injured through negligence of an employee of the defendant, it cannot be ruled as a matter of law that by reason of his position he is guilty of contributory negligence.

While a passenger upon an open electric street railway car, who lawfully is standing upon the running board, cannot disregard the usual conditions of travel arising from the concurrent use of the street by other travellers, he rightfully may assume that during transit the carrier will not expose him to the peril of injury from passing vehicles if by the exercise of reasonable diligence the movements of the car can be controlled so as to avoid collisions with vehicles; and if a passenger, standing upon the running board of such a car and facing forward, does not observe a wagon ahead of the car in a street so narrow as to allow little room on either side of it between the car and the curb, and therefore is struck by the hub of the vehicle as the car passes it and is injured, at the trial of an action against the street railway company to recover for such injury the question, whether or not he was in the exercise of due care, is for the jury.

At the trial of an action against a street railway company by a passenger who rightfully was upon the running board of an open electric car of the defendant, to recover for injuries caused by his being struck by the hub of a vehicle in the highway, which was facing in the same direction as the car and which the car was passing, there was evidence tending to show that in the street at the side of the car where the plaintiff was standing there was not more space between the car and the curb than was sufficient for the car and a vehicle to pass safely if those in control of each took reasonable precautions, that the motorman saw the vehicle on the track as he approached it and rang a gong to cause the driver to turn off from the track, that the driver did so and that the motorman then caused the car to pass the vehicle and was part way by when a hub of the vehicle struck the plaintiff and caused the injuries complained of, and that the speed of the car was from ten to twelve miles an hour. *Held*, that there was evidence warranting a finding that the employees of the defendant caused the car to go forward before they had ascertained fully and definitely whether they could do so without exposing the plaintiff to the danger of injury from the probable movements of the vehicle in the restricted space, and that therefore the question, whether they were negligent, was for the jury.

TORT for personal injuries received by the plaintiff, while he was a passenger upon an open electric street car of the defendant and standing on the running board, by reason of his being struck by the hub of a wheel on a vehicle in the street which was facing in the same direction as that in which the car was going and was being passed by the car. Writ in the Superior Court dated January 1, 1906.

The case was tried before *Hardy*, J. The material facts are stated in the opinion. At the close of the evidence, the presiding judge ordered a verdict for the defendant, and reported the case for determination by this court, it being stipulated that, if there was any evidence that should have been submitted to the jury, judgment was to be entered for the plaintiff for $350; otherwise, judgment was to be entered for the defendant.

The defendant stated on its brief that it did "not contend that, as matter of law, the plaintiff was not in the exercise of due care."

The case was submitted on briefs.

*D. H. Coakley & R. H. Sherman*, for the plaintiff.

*F. W. Fosdick & W. Shuebruk*, for the defendant.

BRALEY, J. The plaintiff upon boarding the car found all the seats occupied, and stood upon the running board, where the conductor collected his fare and recognized him as a passenger. It could not have been ruled as matter of law under our decisions that by reason of his position, which he had taken

with the defendant's permission, he was guilty of contributory negligence if subsequently injured through its carelessness. *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507, 511, and cases cited. If the plaintiff, although lawfully on the running board, could not disregard the usual conditions of travel arising from the concurrent use of the street by other travellers, there was evidence that, even if he faced the front of the car, he did not observe the wagon by which he was struck and injured until the moment of collision. A passenger so situated has the right to assume that during transit the carrier will not expose him to the peril of injury from passing vehicles, if by the exercise of reasonable diligence the movements of the car can be so controlled as to avoid collision with them. *Fleck* v. *Union Railway*, 134 Mass. 480. *Foster* v. *Old Colony Street Railway*, 182 Mass. 378. *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537. The question of the plaintiff's due care, as the defendant concedes, was for the jury.

At the place of the accident the street is described as very narrow, with not more than sufficient width between the track and the curb for the car and a team to pass safely, if those in control of each took reasonable precautions. It is put beyond conjecture by the motorman's testimony, that he saw the team on the track and repeatedly rang his gong to warn the driver of the approaching car. If in response to the warning the team left the track but proceeded in a course parallel with it, the safety of the passengers standing on the running board continued to be paramount to any supposed exigency that the progress of the car should not be delayed by either a full stop or a slackening of speed. The speed of the car was put by the plaintiff at ten miles, while the motorman fixed it at four miles, an hour. But, whatever the speed may have been, the jury could say that both motorman and conductor knew of the narrowness of the street and the close proximity of the team to the track. If with this knowledge the car kept on before they had fully and definitely ascertained that it could go by without exposing the plaintiff to the danger of injury from the probable movements which the team must take owing to the restricted space, there was evidence for the jury of the defendant's negligence, to whom this issue also should have been submitted under appropriate instruc-

tions.   *Wright* v. *Boston & Northern Street Railway, ante,* 568. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $350.

*So ordered.*