RAYMOND KILEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
HENRY F. KILEY *vs.* SAME.

Suffolk.    December 7, 1910. — January 6, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Street railway, In use of highway.

In an action by a bright boy about eight years of age for injuries caused by his hand being run over by a street car which was crossing at right angles a steep street down which he was coasting at ten o'clock in the morning of a day in December, there was evidence tending to show that at the intersection of the two streets there were buildings covering all the land at the street corners so that the motorman's view as he approached the intersection of the streets was somewhat cut off, that the plaintiff was preceded down the hill by another boy coasting, who, seeing the car, turned to pass in front of it, that the motorman, seeing the first boy, to prevent running over him stopped or almost stopped his car in the middle of the street down which the plaintiff was coasting, that the plaintiff observing the movements of the boy preceding him, turned his sled to go around the rear of the car, and, because of the unexpected stopping or lessening of the speed of the car, came into collision with it so that his hand was run over by the rear wheel. *Held*, that there was no evidence of negligence on the part of the motorman.

TWO ACTIONS OF TORT, the first for personal injuries received by a minor and caused by his hand being run over by a street car of the defendant on December 15, 1906, as stated in the opinion. The second action was by the father of the plaintiff in the first action for loss of the services of his minor son and for expense of medical attendance and nursing due to the injury above mentioned. Writs dated March 9, 1907.

In the Superior Court the cases were tried together before

*Dana,* J.    At the close of the plaintiff's evidence the presiding judge ordered verdicts for the defendant; and the plaintiffs alleged exceptions.

The facts are stated in the opinion.

*W. A. Buie, (J. R. Murphy* with him,) for the plaintiffs.

*W. G. Thompson, (H. W. Durant* with him,) for the defendant.

RUGG, J.    Raymond Kiley, hereafter referred to as the plaintiff, was at the time of his injuries, which are the subject of this action, a bright boy almost eight years old.    At about ten o'clock in the forenoon of a day in December he was coasting on a single sled, lying on his stomach, on Lexington Street, in the Charlestown District.    At a place where it was steep Lexington Street crossed at a right angle Bunker Hill Street, in which were double tracks of the defendant.    Just before the plaintiff reached the junction of the two streets another boy on a sled came down the hill and, turning to the right as he crossed Bunker Hill Street, avoided collision with an eight wheeled car of the defendant proceeding from the left to the right side of Lexington Street on the track nearer the top of the hill.    The motorman brought his car either to a stop or nearly so in order to avoid striking this boy when the front of his car was close to or a little past the middle of the street, and then immediately started forward.    The plaintiff was coming down the hill about in the middle of the street.    He described what occurred as follows : " Because I saw this car and I saw the other boy slew to the right . . . I thought I would get around the stern of the car so I wouldn't get hurt and I slewed against the car, and the minute I struck the car the car started up."    From other evidence it appeared that it was the rear wheel of the car which ran over the plaintiff's hand.    Two men standing on the forward vestibule of the car as the car had started forward after avoiding the boy who slid in front of it, saw the plaintiff coming down the hill and hastened unavailingly to prevent injury to him.    There was testimony from one other witness, who was in a store, that as the car began crossing the foot of Lexington Street the plaintiff was twenty-five or thirty feet back from the cross walk, and that he did not see the other boy go in front of the car, and that the car seemed to him to slow down until it stopped after

the injury. But in view of the testimony of the plaintiff and his other witnesses, it must be held that the other boy did go in front of the car, which slowed or stopped to let him pass and then started forward. There were buildings covering all the land at the street corners, so that the view up the hill by the motorman was to that extent cut off.

There is nothing in these facts to show any negligence of the motorman. He must necessarily keep the street in front of his moving car constantly within his view. He must also be alert at all intersecting streets to avoid collision with travellers who may be likely to come therefrom upon his tracks. But ordinarily he is not bound to be looking out for travellers who may run into the rear of his car. The establishment of such a standard of duty would prevent to a large extent the reasonably rapid carriage of passengers for which street railway corporations are chartered. This motorman had his car under control. That he stopped it to let one boy slide without injury directly in front of it shows this. He was then across the street down which there was coasting. It was his duty to move his car out of the way as quickly as possible, or it might become a menace to other travellers. Even if he had seen the plaintiff in the position, where he must have been the instant the boy, who went in front of the car, was out of danger slewing his sled so as to get around the rear of the car, it would be difficult to say that to drive the car forward was not the most careful thing to do in the light of all the conditions then surrounding him, including the observation that the plaintiff was trying to go behind the car. But for the stopping to avert collision with the boy in front, the course for the plaintiff would probably have been clear. It might well have been regarded as perilous to permit the car to remain still in the face of coasters coming down the hill with the possibilities of serious injury to them from running into a stationary car. It does not appear, however, that the motorman saw or in the exercise of reasonable care ought to have seen the plaintiff, and hence he cannot be charged with any default of duty. *Hamilton* v. *West End Street Railway*, 163 Mass. 199. *Black* v. *Boston Elevated Railway*, 187 Mass. 172. It is hardly necessary to add that these facts are wholly different from those in cases where a car is driven among coasters in

plain sight without any reasonable effort to avoid running them down, of which *Strutzel* v. *St. Paul City Railway*, 47 Minn. 543, relied on by the plaintiff, is an example.

*Judgment on the verdict in each case.*