FRED F. BRYANT *vs.* BOSTON ELEVATED RAILWAY COMPANY & another.

Suffolk.   March 7, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* In use of highway, Street railway.

At the trial of an action for personal injuries against a street railway company and an express company there was evidence that, just before the plaintiff was injured, a vestibuled street car of the street railway company and a team of the express company had been proceeding along a street side by side in broad daylight and approaching an intersecting street where travel was so greatly congested that a police officer had been stationed there for the protection of travellers;

that the street car tracks turned sharply to the left on the intersecting street; that, at a signal from the policeman, the car and the team proceeded forward, the car moving a little faster than the team; that the driver of the team intended to continue across the intersecting street and, in order to do so, had to turn somewhat to the left to pass around a building which projected into the street from his right about opposite the curve in the tracks; that as the car rounded the curve the rear vestibule swung out, caught the front hub of the wagon and pushed the wagon and the horse so that the horse struck the plaintiff who was on a sidewalk and injured him. *Held*, that there was evidence upon which the jury might have found that the plaintiff's injuries were caused by concurrent negligence of both defendants.

TORT against the Boston Elevated Railway Company and the New York and Boston Despatch Express Company for personal injuries sustained on April 1, 1905, when, as the plaintiff was on the sidewalk on State Street in Boston and just emerging from the archway for pedestrians at one end of the Old State House, he was struck by a horse which was hitched to a wagon of the defendant express company, the wagon and horse having been pushed by a car of the defendant street railway company. Writ dated April 10, 1905.

In the Superior Court the case was tried before *Brown*, J.

On the following page is a reduction of the main features of a plan which was introduced in evidence.

There was evidence tending to show that a car of the defendant street railway company was proceeding on the right hand track on Devonshire Street toward State Street; that nearly abreast of it and proceeding with about equal speed was the team of the defendant express company; that a police officer was standing between the street car tracks at the point where Devonshire Street enters State Street; that on the policeman's signal the car and the team passed him slowly, the car a little in the lead; that it was the intention of the driver of the team to turn enough to the left to continue past the end of the Old State House down Devonshire Street; that, as the car rounded the curve into State Street, the rear vestibule caught the front left hand hub of the express wagon and pushed the wagon forward, and that, although the driver of the team pulled back hard on the reins, the horse was pushed against the plaintiff, who was just coming out of the archway at the point marked with a cross on the plan, and the plaintiff was knocked down and rendered unconscious.

At the close of the plaintiff's evidence, the defendant Boston

Elevated Railway Company rested its case, and at the close of all the evidence the judge ordered a verdict in its favor; and the plaintiff excepted.

At the close of all the evidence the defendant express company asked the judge to rule that the plaintiff could not recover against it. The ruling was refused and the express company excepted.

There was a verdict for the plaintiff against the express company for $2,000, and the judge reported the case for determination by this court under an agreement which provided that, "if upon the evidence introduced by the plaintiff there was sufficient evidence of negligence on the part of the Boston Elevated Railway Company to warrant a verdict against that defendant, and the rulings in respect to the defendant express company were correct, then judgment was to be entered for the plaintiff against

the Boston Elevated Railway Company jointly with the other defendant for the amount of the verdict."

*W. C. Cogswell,* for the plaintiff.

*M. J. Sughrue,* for the Boston Elevated Railway Company.

*H. F. Hurlburt, Jr., (C. A. Wilson* with him,) for the New York and Boston Despatch Express Company.

BRALEY, J.  The plaintiff while upon a public way as a pedestrian without any reasonable cause to apprehend that his position might be unsafe was struck, knocked down, and rendered unconscious by a wagon driven by a servant of the defendant express company. If the combination of circumstances which produced the injury may be infrequent, they are not extraordinary, and, the issue of this defendant's negligence having been a question for the jury, the refusal to order a verdict in its favor was right.  *Powell* v. *Deveney,* 3 Cush. 300.   *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79. *Hanley* v. *Boston Elevated Railway,* 201 Mass. 55, 59.   *Dulligan* v. *Barber Asphalt Paving Co.* 201 Mass. 227, 231.

But the ruling that the plaintiff could not recover against the defendant railway company should not have been given.  The parties were concurrently using the public ways, and each defendant could not disregard the rights of other travellers, or escape the consequences if every reasonable precaution was not taken to avoid injury to them.   *O'Brien* v. *Blue Hill Street Railway,* 186 Mass. 446, 447.  The jury would have been warranted in finding, that for some distance below the place of the accident the car and wagon, while moving in the same direction, proceeded with equal speed, when as they approached a sharp curve in the railway track where it turned into a cross street the car passed the wagon, which then moved up until as they entered the curve the car and wagon were abreast, or the wagon might have been slightly in advance. As it approached the curve the car slackened speed, while the wagon moved slowly, and the width of the street with the sharp curvature of the track plainly showed that the wagon and the car could not simultaneously pass substantially abreast around the curve and the car turn to the left without coming in contact.  It also appeared, that at this corner travel during the day time became greatly congested, and because of the volume of traffic a police officer had been stationed for the protection of travellers.  It was with this situation before them, that in broad

daylight the motorman and the driver after a signal from the officer that they could proceed, moved forward, and the car going at greater speed outstripped the wagon. The projecting rear end of the car in passing swung over the roadway, and coming into collision with the wagon forced it over the sidewalk, where it felled the plaintiff. It was the duty of the motorman to have stopped the car if he saw that the driver had determined to go on, and it was the duty of the driver not to have attempted to pass the car and turn to the left until the car had passed him, and if either the motorman or the driver had acted with ordinary prudence the collision would have been averted, and the injury to the plaintiff would not have happened. *Carrahar* v. *Boston & Northern Street Railway,* 198 Mass. 549. *Wright* v. *Boston & Northern Street Railway,* 203 Mass. 569, 570, 571. The plaintiff having offered abundant evidence that his injuries could be attributed to the concurrent misconduct of the defendants, he can recover judgment against both, although he can have but one satisfaction in damages. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 581. By the terms of the report judgment is to be entered on the verdict for the plaintiff against both defendants.

*So ordered.*