ANNA ANDERSON *vs.* OLD COLONY STREET RAILWAY COMPANY.

Plymouth.   March 28, 1913. — May 22, 1913.

PRESENT: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway.

Where a motorman operating a street railway car sees a wagon, with a pole or mast
  projecting about fifteen feet from its rear, proceeding in the highway ahead of
  him at the right hand side of the street railway tracks, it is his duty to observe
  this team and to consider its probable movements, and, if the team is turned
  to the left and crosses the tracks in front of the car, and, the car continuing
  to move with some rapidity, a passenger on the car is struck by the pole pro-
  jecting from the rear of the wagon, there is evidence of negligence on the
  part of the motorman, for which the corporation operating the railway is
  responsible whether or not the driver of the team also was negligent.

TORT for personal injuries sustained on June 22, 1906, when
the plaintiff was a passenger on an open street railway car of
the defendant, from a collision of the car with a wagon on Main
Street in Brockton. Writ dated September 12, 1910.

In the Superior Court the case was tried before *Hall*, J. There was evidence that the plaintiff was sitting at the extreme left end of the second seat facing forward; that the wagon, which had been in front of the car and had been proceeding in the same direction along the right hand side of the street, in order to pass another wagon that was standing at the side of the street, was turned to the left and crossed the track diagonally in front of the car; that the car kept moving forward; and that a pole or mast, which projected about fifteen feet from the rear of the wagon, struck the plaintiff and caused the injuries complained of.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover, and that there was no evidence of negligence on the part of the motorman and the plaintiff was not entitled to recover. The judge refused to make these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*Asa P. French,* for the defendant.

*F. P. Garland,* for the plaintiff.

SHELDON, J. The case is close, and a verdict against the plaintiff would have been amply justified. But the judge could not have ruled as requested by the defendant. There was evidence that the motorman was negligent in allowing his car, while moving with some rapidity, to get so near to the team in front of him as to involve the danger that any slight movement of the team out of a straight line would cause just such an accident as happened. With the weight of the evidence we have of course nothing to do. The case comes under the principle of *Wright* v. *Boston & Northern Street Railway*, 203 Mass. 569, and *Eldredge* v. *Boston Elevated Railway*, 203 Mass. 582. There was a duty on the motorman to observe this team and consider its probable movements. *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144, 147.

If the driver of the team was also negligent, this affords no defense to the present action. *Bryant* v. *Boston Elevated Railway*, 212 Mass. 62.

The exceptions raise no other question than that of the motorman's negligence.

*Exceptions overruled.*