ANNA BRIGHTMAN *vs.* UNION STREET RAILWAY COMPANY.

CHARLES O. BRIGHTMAN *vs.* SAME.

Bristol.     October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* Street railway.

Although the motorman of a street railway car when turning a corner into an intersecting street is required to take every reasonable precaution to avoid injury to travellers, he is not required to anticipate and guard against the approach of pedestrians toward the side or rear of the car who if they come too near may be struck by the overhang of the car as it sweeps around the corner.

BRALEY, J. In the first action the plaintiff sues in tort for personal injuries, and her husband in the second action for consequential damages, alleged to have been caused by the negligence of the defendant's motorman. The report of the presiding judge * recites all the material evidence, and we shall refer to Mrs. Brightman as the plaintiff.

It was undisputed, that the main line of the defendant on Purchase Street in New Bedford ran north and south, from which cars could be switched over a curved track into an intersecting street running east and west. The plaintiff accompanied by a companion stood on the southwest corner of the junction intending to cross diagonally to the northeast corner, but before starting she looked over and saw that the car with which she came into collision was stationary on the main line in front of the waiting room at the southeast corner. When the car started it

---

* *Bell, J.*

moved slowly and turned easterly over the curve to the intersecting street, and during its passage the plaintiff who had proceeded on her way was struck and thrown to the ground.

The plan used at the trial and conceded to be accurate shows that her line of travel should not have brought her near the front of the car, unless on approaching the track she turned somewhat sharply to her right. In *Bryant* v. *Boston Elevated Railway,* 212 Mass. 62, where the projecting rear end of a car in passing a curve swung over the highway, and coming into collision with a wagon attempting to move abreast forced the wagon over the sidewalk injuring the plaintiff, it was said, that if the motorman saw that the driver of the wagon was determined to go on, he should have stopped the car,·and his failure to do so was evidence of the defendant's negligence. But in the cases at bar the motorman, although required to take every reasonable precaution to avoid injury to travellers, was not called upon to anticipate the approach of pedestrians toward the rear or side of the car, who if they came within sufficient proximity might be injured by the overhang as the car swept around the curve. *Kiley* v. *Boston Elevated Railway,* 207 Mass. 542.

The plaintiff was unable to state how the accident happened. After leaving the curb, "I continued walking right along at the same gait up to the time that something struck me," is her testimony, while her companion testified that, "when I first saw the electric car it was standing directly in front of the waiting station . . . it was not moving. The next time I saw it, it was just around the curve" and "when I saw Mrs. Brightman she was lying right beside the side of the car . . . about a third of the distance from the front of the car towards the rear." The jury upon this evidence, which is substantially all the testimony introduced by the plaintiff, could find that a collision occurred, but proof that it was attributed to the negligence of the motorman was lacking. *Widmer* v. *West End Street Railway,* 158 Mass. 49. Nor is the plaintiff aided by the answer of one of the defendant's witnesses on cross-examination that, "at no time did the front end of the car pass the ladies." It is clear from his evidence in chief, with which this statement should be read, that he "thought they were following the car pretty close," the rear end of which he said struck the plaintiff.

The verdicts for the defendant having been rightly ordered because there was no evidence of negligence on the part of the defendant, it is unnecessary to consider the question of the plaintiff's due care.

*Judgment for the defendant on the verdicts.*

*F. W. Fosdick,* for the plaintiffs.

*D. E. Hall,* for the defendant.