FRANCES D. NILES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   March 6, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Contributory, Street railway.

In an action against a corporation operating a street railway for personal injuries sustained (when St. 1914, c. 553, was in force) by being struck by the overhang of a car of the defendant from which the plaintiff just had alighted, as the car turned at a right angle by means of a curve to go into a car barn at the end of its trip, there was evidence that the plaintiff had received a transfer check for another car of the defendant that was waiting a short distance ahead, that in response to a call from the conductor all the passengers had left the first car by the rear door, that the plaintiff was the last to alight, that as she stepped to the street an automobile came up and proceeded slowly at the

plaintiff's right as she walked along by the side of the car and about two feet from it, that she was about midway between the car and the automobile, that as soon as the plaintiff left the car it started to go to the car barn and, when the plaintiff had taken three or four steps, she was struck in the back by the overhang of the car as it swung round the sharp curve. The plaintiff had followed in the line of the other passengers. Her testimony as to whether she knew that the car was going to turn into the car barn was conflicting. *Held,* that, with the presumption created by the statute, a finding was warranted that the plaintiff was not negligent.

In the case described above it had been held in a previous decision of this court reported in 225 Mass. 570, that the plaintiff at the time of the accident was not a passenger of the defendant and had only the rights of a person lawfully using the highway. There was evidence that immediately after the plaintiff alighted from the car the conductor closed the door and started the car to go to the car barn, that the car was a large pre-payment semi-convertible car, which in swinging round the curve would extend five feet and two and a half inches beyond the outer rail, that the conductor had given the plaintiff a transfer check and had reason to anticipate that in continuing her journey she would be alongside the car and would be prevented by the automobile from getting far enough away from the car to avoid being hit by it if it proceeded then to turn the corner to go to the car barn. *Held,* that it was a question for the jury whether the conductor was negligent in starting the car while the plaintiff was in such a perilous position and before she had an opportunity to reach a place of safety, without warning the plaintiff of the danger unappreciated by her to which she was exposed.

TORT for personal injuries sustained by the plaintiff on May 25, 1915, by reason of being struck by a street railway car of the defendant from which the plaintiff had alighted as a passenger on Galen Street in Watertown. Writ dated July 21, 1915.

In the Superior Court the case first was tried before *Lawton,* J. The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions, which were sustained by this court in a decision reported in 225 Mass. 570.

The plaintiff having amended her declaration, as suggested in that decision, the case was tried again before *Keating,* J. The evidence at the new trial is described in the opinion. A copy in substance of a chalk which was used at the last trial is printed on page 318. At the close of all the evidence, upon the defendant's motion, the judge ordered a verdict for the defendant and thereupon, by agreement of the parties, reported the case for determination by this court, with the stipulation that, if the ordering of the verdict was right, judgment should be entered upon the verdict; but, if the case upon the evidence ought to have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $1,500.

*F. H. Stevens,* for the plaintiff.

*F. J. Carney,* for the defendant.

DE COURCY, J.   The Watertown car on which the plaintiff was a passenger went no farther than the car barn on Galen Street. The car for Newton was waiting a short distance ahead, on the same track, and the conductor gave her a transfer check for that car.   In response to his call all the passengers left the car by the rear door, the plaintiff being the last one to alight.   It could be found that as she stepped to the street an automobile came up, and proceeded slowly at the right of the plaintiff as she walked

in the direction of the Newton car.   She was walking alongside the Watertown car, about two feet from it, and midway between it and the automobile, and had taken three or four steps when she was struck in the back by the overhang of the car as it swung round the sharp curve leading into the car barn.

There was evidence for the jury of the plaintiff's due care.   As the accident happened May 25, 1915, the due care statute (1914 c. 553) supplied a presumption in her favor, and made her contributory negligence an affirmative defence to be proved by the defendant.   Further, the presence of the automobile in the narrow street left her a space only about four feet wide in which to proceed to the Newton car directly ahead; and she followed in the line of the other passengers.   Her testimony as to whether she knew the Watertown car was going to turn into the car barn was conflicting.

The question of the defendant's negligence is close. It was decided when the case was here before that the plaintiff was not a passenger at the time of the accident. *Niles* v. *Boston Elevated Railway*, 225 Mass. 570. But she was rightfully using the public way, and it was the duty of the defendant to use reasonable precaution to avoid injuring her. *Bryant* v. *Boston Elevated Railway*, 212 Mass. 62. The jury could find that the conductor closed the door and started the car round the curve immediately after the plaintiff alighted; that the car was a large pre-payment semiconvertible one, which, in swinging round this curve, would extend five feet two and one half inches from the outer rail; that he should have anticipated that she was still alongside the car, continuing her journey in pursuance of the contract of transfer to the Newton car issued by him, and was prevented by the automobile from getting far enough from the car to escape being hit if it should then proceed upon the curved track. In our opinion it was a question of fact for the jury to determine whether the conductor was negligent in starting the car while the plaintiff was in such a perilous situation, and before she had an opportunity to reach a place of safety, without even warning her of the danger unappreciated by her to which she was exposed. *Bryant* v. *Boston Elevated Railway, supra. White* v. *Connecticut Co.* 88 Conn. 614. *Walger,* v. *Jersey City, Hoboken & Paterson Street Railway,* 42 Vroom, 356. This was not the ordinary case where a pedestrian on the street fails to move or remain far enough from the track to avoid being struck by the rear of an approaching car as it swings around a curve. See *Widmer* v. *West End Street Railway,* 158 Mass. 49; *Brightman* v. *Union Street Railway,* 216 Mass. 152; *Miller* v. *Public Service Corp.* 86 N. J. L. 631; *Gannaway* v. *Puget Sound Traction, Light & Power Co.* 77 Wash. 655; *Kuhn* v. *Milwaukee Electric Railway & Light Co.* 158 Wis. 525; L. R. A. (N. S.) 1915 C 609 note.

On the evidence the case ought to have been submitted to the jury; and in accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $1,500.

*Ordered accordingly.*