ROSE FAIRBANKS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 12, 1920. — January 7, 1921.

Present: RUGG. C. J.. BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Street railway, In use of highway.

In an action against a street railway company for personal injuries received when the plaintiff, a woman, was run into by a moving electric street car of the defendant as she approached it with the purpose of boarding it, there was evidence tending to show that there was a white post indicating a stopping place where the plaintiff started to approach the car; that the nearest street railway rail was eighteen feet from the curb whence she started; that, just before reaching the white post, the car rounded a curve which caused the rear end to swing outward about four feet from the rail; that, as the car approached the post, its speed slackened and, when its front end was opposite the post, the plaintiff and others started from the curb to take it; that, as the plaintiff was walking toward the moving car, some one behind her spoke to her and she turned her head away from the car, but continued walking and proceeded to within four feet of the car and was struck by the rear end as it swung out in going around the curve. The door of the car had not been opened and, in going around the curve, the car "put on a spurt." *Held*, without determining whether a finding that the plaintiff was in the exercise of due care was warranted by the evidence, that a finding of negligence on the part of the motorman was not warranted, because it did not appear that he had any reason to expect that the plaintiff would approach to within a dangerous proximity to the car.

Tort for personal injuries received by the plaintiff as she was approaching an electric street car of the defendant with the purpose of boarding it. Writ dated March 4, 1919.

In the Superior Court, the action was tried before *Sisk,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

*E. P. Saltonstall,* (*L. Saltonstall* with him,) for the defendant.

*F. Hunt,* for the plaintiff.

De Courcy, J. The plaintiff was struck by the rear end of an electric car as it swung from Boylston Street into Ipswich Street in Boston on November 9, 1918, at about 8 A.M. Boylston Street runs in an easterly direction from Brookline to Boston; and at the place of the accident is about fifty feet in width from curb to curb, level and straight. Ipswich Street runs northerly from Boylston Street at substantially a right angle therewith, and is about fifty-five feet wide from curb to curb. In the centre of Boylston Street are double tracks of the defendant, which turn into Ipswich Street and do not extend farther on Boylston Street. On the latter street, just before the turn of the tracks, there is a white post where cars inbound from Brookline stop on signal. On that morning, and for some days previous, Boylston Street was being repaired by the city. The surface of the street between the outer rail of the inbound track and the curbstone was excavated to within ten feet from said post, on the side toward Brookline, and large piles of paving stones and material were deposited upon the street. The motorman testified that the stop at said white post had been temporarily discontinued, and that orders were given the night before, and that morning, to stop around the corner on Ipswich Street.

The car which struck the plaintiff was inbound from Brookline. It was a large semi-convertible car, forty-six feet, two and three quarters inches long, eight feet eight inches wide, with an overhang of one foot ten and three quarters inches with the step up, and six inches more with the step down. In rounding this curve the rear end of the car would swing out until its maximum overhang beyond the outer rail was about four feet.

According to the plaintiff's testimony she stood at the post,

with several other people waiting for an inbound car. She frequently had taken cars at this point previous to the accident. As this car came along it slowed down; and when the front end was opposite the post these people started from the sidewalk. While the plaintiff was walking toward the moving car, somebody back of her spoke to her, and she turned her head to the right, away from the car, and kept on walking. The door of the car was not opened, and the car did not stop, but instead "put on a spurt" and started ahead suddenly. The plaintiff was struck by the overhang as the car swung around the curve.

Assuming that the plaintiff, on all the evidence, was entitled to go to the jury on the issue of her due care, we fail to find in the record any evidence warranting a finding of negligence on the part of the defendant. If the motorman had come to a stop before reaching the curve, the entrance door of the car would have been opposite the piled up paving stones, making it unsafe for people to get on or off. If he had stopped on this curve the uncontradicted testimony is that he could not open the door, because the hangers of the lower step would be up against the wheel. In any event the accident was caused by a car which the plaintiff knew to be in motion, and going around a curve. Between the curb and the track there was an unobstructed space of about eighteen feet, and in only the four feet nearest the track was she liable to be struck by the swing of the car. She voluntarily walked from a place of safety into this zone of danger after the motorman had passed her. He had no reason to suppose that she would approach within dangerous proximity to the moving car. If his testimony that he sounded the gong, and motioned to the woman to go to Ipswich Street, be disregarded, that does not avail the plaintiff, as she admitted that the car was constantly in her view and in motion. The whole situation was too obvious to require warning. See *Hawes* v. *Boston Elevated Railway,* 192 Mass. 324, 326.

The plaintiff relies mainly on the fact that the motorman speeded up the car. But, aside from the uncontradicted testimony that it was necessary to apply the power in order to carry the large car around the curve, this did not cause the injury. The plaintiff, in the place she deliberately stepped, would have been struck by the overhang at whatever speed the car moved.

This case is governed by *Widmer* v. *West End Street Rail-*

*way,* 185 Mass. 49, and *Brightman* v. *Union Street Railway,* 216 Mass. 152. *Niles* v. *Boston Elevated Railway,* 230 Mass. 316, is plainly distinguishable. In that case while the plaintiff was walking in a four-foot space between the car from which she had alighted and an automobile, the conductor negligently started the car around a curve before she had an opportunity to reach a place of safety.

The defendant's motion that a verdict be ordered in its favor should have been granted. Its exceptions are sustained, and judgment must be entered in its favor in accordance with St. 1909, c. 236, § 1.

*So ordered.*