## THE CINCINNATI TRACTION CO. v. BACHMAN.

*Negligence—Street railways—Passenger standing on running
board—Liability of carrier—Exercise of care in passing
vehicles.*

1. The act of a passenger in standing on the running board of
a street car with the knowledge and consent of the company
does not excuse the latter from negligence in the operation
of its car.

2. A passenger standing on the running board of a street car
has a right to assume that the motorman in charge of the
car will not undertake to pass a vehicle traveling in the same
direction as the car until he knows that he can do so with-
out endangering such passenger.

(Decided February 20, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Albert H. Morrill,* for plaintiff in error.
*Messrs. Powell & Smiley,* for defendant in error.

BY THE COURT. Frank Bachman was a passenger
on one of the open, summer cars of defendant com-
pany, and was standing on the running board when
the car in attempting to pass a heavy drag on
Spring Grove avenue collided with the hub of one of
the wheels, so that Bachman was injured.

At the trial the court refused to give special
charge No. 3, requested by the defendant, and er-
ror is prosecuted to reverse the judgment on that
ground, and on the claim that the verdict is against
the weight of the evidence.

On Spring Grove avenue, where the accident hap-
pened, the double tracks of the defendant company

are in the center of the street, which is eighty feet wide.

The street car was traveling north. The drag was proceeding in the same direction. When the car came within about two hundred feet of the drag, the driver turned toward the tracks of the street car. The motorman saw the position of the drag and the course that it was taking. He rang the gong continuously from that time until the accident happened. He did not stop the car. The drag was so close to the street car tracks that when the motorman undertook to pass it, the hub of one of the wheels of the drag came in contact with the front end of the running board and scraped along it, causing the injury complained of in this action.

The theory of plaintiff in error was that Bachman assumed any increased risk there might be in standing on the running board of a moving street car. In a proper case, no doubt, such is the law. Such risk could not be said to subject the passenger to the hazards if it were due to the negligence of the agents of the company in the operation of the car.

The charge in question reads as follows:

"If you find that the plaintiff voluntarily and without necessity, took a position on the running board and that such position was more dangerous than a position standing in the car, and if you find plaintiff might have secured a place standing in the car, then I charge you that plaintiff assumed such increased risk and that if he was injured solely because of such increased risk, or such increased risk directly contributed to his injury, then plaintiff cannot recover and your verdict must be for the defendant."

If the charge assumed that the accident was caused

by some act independent of the operation of the car, the charge, no doubt, would be proper. The record is that the car was proceeding at a very moderate speed; that the motorman saw the position of the drag in time to have reduced the speed of the car, or to have stopped it, but, instead, undertook to pass the drag without knowing whether there was sufficient room to pass without some part of his car coming in contact with the drag. The passenger had a right to assume that the motorman would not undertake to pass the drag until he knew that he could do so in such a manner as not to expose the passengers standing on the running board to the danger of injury from the probable movement of the truck. The act of standing on the running board of a car, with the knowledge and consent of the company, could not be said to excuse the company from negligence in the operation of its car.

In *Eldredge v. Boston Elevated Ry. Co.*, 203 Mass., 582, it was held that a passenger had a right to assume that the street car would not proceed to pass a vehicle in close proximity to the tracks until it was fully ascertained and definitely known whether the car would pass without injuring passengers. In this view of the case it was not error for the court to refuse the special charge requested, nor was the verdict contrary to the weight of the evidence.

The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.