EDWARD P. HOYE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    May 24, 1926. — June 28, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Street railway, In use of highway.

At the trial of an action against a street railway company by a member of a fire department for personal injuries received when he was on a hose wagon returning from a fire and was struck by a street car of the defendant, there was evidence that the fire apparatus was proceeding in a street car track when the defendant's street car, turning into an intersecting way from the adjoining track as the hose wagon was passing, struck the plaintiff, and that, when the street car and the hose wagon were in the parallel tracks, there was a distance of about two feet between them. The street car came to a stop as soon as the collision took place. *Held*, that

(1) The street car in turning the corner was in no danger of a collision with the fire apparatus, and it could not be said to be negligent for the street car to proceed as it did, merely because the plaintiff was in an exposed position;

(2) The evidence did not warrant a finding of negligence of the defendant's motorman.

Since G. L. c. 89, § 7, applies only to members and apparatus of a fire department when "going to a fire or responding to an alarm," rules of the defendant referring to the right of way for fire apparatus "as provided by law" were inapplicable in the circumstances above described.

TORT for personal injuries.    Writ dated December 3, 1923.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is stated in the opinion. At the close of the evidence, on motion by the defendant, a verdict was

ordered in its favor.   The judge reported the action to this court for determination, judgment to be entered for the plaintiff in the sum of $3,000 if the ordering of the verdict was wrong, and, if the order was correct, judgment to be entered on the verdict for the defendant.

The case was submitted on briefs.

*J. E. Crowley,* for the plaintiff.

*E. A. McLaughlin, Jr.,* for the defendant.

CARROLL, J.   The plaintiff, a member of the fire department of the city of Boston, was injured near the corner of Washington Street and Milk Street in that city about half past twelve o'clock at night while riding on a hose wagon returning from a fire.   South of Milk Street there were at the time two sets of street railway tracks on Washington Street, the north bound rails being on the easterly side of the street. This north bound track turned into Milk Street, the south bound continuing north on Washington Street.   The night was clear and there was no traffic except the fire apparatus (going south in the south bound car track) and the street car involved in the accident.   A witness for the plaintiff testified "that the right side of the street was blocked a little because of construction work on a new building which was going up there."   As the street car turned to go into Milk Street the plaintiff was struck by it and thrown to the ground.   The jury could have found that no part of the fire apparatus was hit by the street car.   A verdict for the defendant was ordered, and the case was reported to this court on the stipulation of the parties that if there was no evidence of negligence the verdict was to stand.

The hose wagon "from the outer edge of one step to the outer edge of the other step was between seven and eight feet."   The width of the street car was seven feet and ten inches, and the overhang on a straight rail was eighteen inches.   The plaintiff testified that when the hose wagon was on the south bound rails and the car on the north bound rails, the two vehicles being side by side, "the distance between them was about two feet"; that "there would be between one and two feet of clearance between the track and the street car he passed at its nearest point."

Taking the evidence most favorable to the plaintiff (*Dillon* v. *Plimpton*, 239 Mass. 588), we are unable to find any evidence of. negligence on the part of the defendant's motorman. The car came to a stop as soon as the collision took place. In turning the corner there was no danger of a collision with the fire apparatus, and it cannot be said to be negligent for the street car to proceed as it did, merely because the plaintiff was in an exposed position. In this respect the case is governed by *Widmer* v. *West End Street Railway*, 158 Mass. 49. This case was followed in *Brightman* v. *Union Street Railway*, 216 Mass. 152. *Osborne* v. *Bay State Street Railway*, 222 Mass. 427. See *Miller* v. *Public Service Corp. of New Jersey*, 86 N. J. L. 631.

The plaintiff offered rules 32 and 101 of the rules of the defendant for conductors and motormen. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. Rule 32 had reference to the right of way for fire apparatus "as provided by law." Rule 101 related to the control of street cars in passing cross streets and vehicles. The fire apparatus was returning from the fire when the plaintiff was injured. By G. L. c. 89, § 7, members and apparatus of a fire department have the right of way in a street when "going to a fire or responding to an alarm." The rule was not material. It did not tend to show that the motorman was negligent, even if the street between the tracks and the sidewalk were obstructed, and it was necessary for the fire apparatus to continue on the car tracks. See *Towne* v. *Waltham Watch Co.* 247 Mass. 390, 394.

It follows that the ruling was correct and judgment for the defendant is to be entered on the verdict.

*So ordered.*

At the Supreme Judicial Court holden at Boston in and for said Commonwealth on the twenty-eighth day of June in the year of our Lord one thousand nine hundred and twenty-six:

Present:

Hon. ARTHUR PRENTICE RUGG, Chief Justice.

Hon. HENRY KING BRALEY,
Hon. JOHN CRAWFORD CROSBY,
Hon. EDWARD PETER PIERCE,
Hon. JAMES BERNARD CARROLL, } Justices.
Hon. WILLIAM CUSHING WAIT,
Hon. GEORGE AUGUSTUS SANDERSON,

ORDERED, That rule five of the rules for the regulation of practice before the full court is hereby amended by striking out, in the second line, the words "one hour" and inserting in place thereof the words "thirty minutes," so that when amended said rule shall read as follows:

5.

All arguments before the full court shall be limited to thirty minutes on each side, unless before the commencement of the argument, for good cause shown, the court shall allow further time; and, when more than one counsel are to be heard on the same side, the time may be divided between them as they may elect.