LUCY D. NOONAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 6, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Street railway. *Carrier,* Of passengers. *Passenger. Evidence,* Presumptions and burden of proof.

At the trial of an action of tort for personal injuries against a street railway company, it appeared that the plaintiff was a passenger on a car of the defendant forty-eight feet long which, upon arriving at the end of the line, turned from the straight track to the right upon a curved track into a car yard and stopped across the sidewalk with its rear vestibule in the street about three and one half feet from the curbing of the sidewalk, the rear end of the car slanting back in the direction whence it had come; that the plaintiff got off the car at the rear door on the right hand side where the conductor then stood, and, following other passengers, walked around the rear of the car and up alongside the left side of the car to go to the sidewalk; that he saw a large puddle three or four feet from the left side of the car; and that, as he was passing between the puddle and the car, about two feet from its side and near its rear end, the car was started and he was struck by its overhang as it swung around the curve leading into the car yard.   *Held,* that

(1)   The plaintiff was not a passenger at the time of the accident;

(2)   The defendant owed him no greater duty of care than it owed to other travellers on the way;

(3)   The evidence did not warrant a finding that the defendant's employees were negligent.

TORT for personal injuries.   Writ dated December 7, 1920.

In the Superior Court, the action was tried before *Cox,* J. At the close of the plaintiff's evidence, material portions of which are stated in the opinion, the judge ordered a verdict for the defendant and reported the case for determination by this court with a stipulation that, if the ordering of a verdict

was correct, judgment should be entered upon the verdict; otherwise judgment should be entered for the plaintiff in the sum of $1,500.

*E. J. Fegan*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

PIERCE, J. The plaintiff on March 16, 1920, was a passenger on a car of the defendant which ran from Andrew Square, Dorchester, to Neponset Bridge. She intended to change at the Neponset car yard for a Quincy car, which was waiting at a car barn some distance south on Neponset Avenue. On numerous occasions before the day of the accident the car had stopped out on Neponset Avenue on the straight rail, and the plaintiff had crossed the sidewalk and the tracks thereon in front of the waiting car. At Neponset Bridge a curved track leaves the main track, crosses the westerly sidewalk on Neponset Avenue, and leads into the car yard. On the day in question the car, which was forty-eight feet long, was driven upon the curved track and across the westerly sidewalk. When stopped, the front vestibule of the car was inside the car yard and the rear vestibule was on Neponset Avenue at a point about three and one half feet from the outside curbing of the westerly sidewalk, the rear end of the car slanting back toward Dorchester. When the car stopped the conductor called, "end of the line," and opened the rear door; the motorman opened the front door on the right hand side of the car facing front. Following the passengers ahead of her, the plaintiff stepped down out of the car at the door in the rear vestibule, where the conductor then stood. As she stepped out of the car she observed a large puddle, located on her left and between her and the sidewalk. She followed passengers "around the rear end of the car and up alongside the left side of the car" to go to the sidewalk, and saw another large puddle on the left side of the car, distant therefrom three or four feet. While she was passing between this puddle and the side of the car, about two feet distant therefrom and "about one step around the back," the car was started and she was struck by the overhang of the car as it swung around the curve leading into the car yard.

At the close of the plaintiff's case the defendant rested and

moved for a directed verdict in its favor. A verdict was directed for the defendant, and the case reported to this court on the agreement of the parties that, if the ruling were right, judgment should be entered on the verdict; but if the case ought to have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $1,500.

The plaintiff was not a passenger at the time of the accident. *Niles* v. *Boston Elevated Railway*, 225 Mass. 570. The defendant owed to her the duty to exercise reasonable precaution not to injure her, but no greater duty in that respect than it owed to all travellers in the public way. *Creamer* v. *West End Street Railway*, 156 Mass. 320. There was no evidence to warrant a finding that the motorman or the conductor knew or should have known the position of the plaintiff in relation to the puddle and the side of the car. So far as the record discloses there was nothing in the way to prevent the plaintiff passing to the left of the puddle and thence to the sidewalk, instead of passing as she did close to the car. There is nothing in the record to warrant a finding that the conductor or motorman knew or should have known that she was in a position of danger and was appreciative of it when the car was started. *Widmer* v. *West End Street Railway*, 158 Mass. 49.

The case at bar is distinguishable from *Niles* v. *Boston Elevated Railway*, 230 Mass. 316, in the fact that in that case the conductor knew, or should have known, when he gave the signal to start the car that the plaintiff was still alongside the car and was prevented by an automobile from getting far enough from the car to escape being hit by it.

We are of opinion the evidence in the case at bar did not warrant a finding that the defendant was negligent. In accordance with the terms of the report judgment is to be entered on the verdict.

*So ordered.*