RALPH DIAMATO *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

WILLIAM TOVEY *vs.* SAME.

Essex.   December 9, 1936. — January 26, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Negligence,* Street railway: collision with vehicle; In use of way.

A finding of negligence of the motorman of a street car was warranted on all the evidence respecting a collision between the right rear part of the car and the hub of the left rear wheel of a dump cart which was being turned to the right away from a position close to the tracks as the car approached it from the rear and, without stopping, attempted to pass it.

TWO ACTIONS OF TORT. Writs in the Superior Court dated June 30, 1933.

The actions were tried together before *Goldberg,* J. There were verdicts for the plaintiffs in the sums of $2,400 and $580, respectively. The defendant alleged exceptions.

*S. Parsons,* for the defendant.

*P. R. Frederick,* (*J. F. Doyle & John J. Sullivan* with him,) for the plaintiffs.

FIELD, J. These two actions of tort for negligence were tried together. They were brought to recover compensation for personal injuries sustained by the plaintiffs when a dump cart in which they were riding was struck by an electric car operated by the defendant. There was a verdict in each case for the plaintiff. The cases come before

us on the defendant's exceptions to the denial of its motions for directed verdicts.

There was no error in submitting the cases to the jury.

The evidence in its aspect most favorable to the plaintiffs warranted these findings: The plaintiff Tovey was driving a two-horse dump cart along the road on the right of the defendant's double set of tracks, and the plaintiff Diamato was riding on the seat with him. The horses were walking at a speed of about five miles an hour. An electric car operated by the defendant, going in the same direction as the dump cart, approached it from the rear and went on until a steel post in front of the rear door of the electric car was opposite the hub of the rear left wheel of the dump cart, when the post and the hub — which projected beyond the rest of the wheel — came in contact and the plaintiffs were thrown to the ground and injured.

There were ash cans filled with ashes and refuse on the sidewalk at the edge of the curbstone. The distance between the outside rail of the defendant's tracks and the curbstone was about nine feet, and the overhang of the car beyond the rail was eighteen inches. At the place of the accident the car might sway about an inch. It was about six feet from the outside edge of the hub of the rear left wheel of the dump cart to the outside edge of the hub of the other rear wheel. The length of the dump cart — "the whole rig" — was twenty or twenty-five feet, and the length of the defendant's car was about forty feet. The dump cart weighed about half a ton.

The road was straight. The operator of the car first saw the dump cart when it was about three or four hundred feet ahead of the car. The left rear wheel of the dump cart was four, five or six inches from the nearest rail. The operator of the car saw that he could not pass the dump cart unless it moved away from the track. When the car came within ten to twenty-five feet of the dump cart, the driver of the dump cart, the plaintiff Tovey, turning his head to the left, saw the car approaching and started to turn the dump cart to the right, away from the track. The car continued to move forward at a speed of about eight

miles an hour and, when about four fifths of its length had passed the dump cart and the dump cart was being turned away from the track, came in contact with the dump cart, as already described.

The defendant concedes that if the forward part of the car had struck the dump cart there would have been evidence for the jury of negligence on the part of the operator of the car. But it contends, in substance, that there was no such evidence here, where the dump cart was struck by a post at the rear of the car, for the reason that such a collision could have been caused only by a swerving of the dump cart which the operator of the car was not bound in the exercise of reasonable care to anticipate. We cannot agree with this contention.

It could have been found that it was reasonably probable that the long, large and heavy dump cart moving, as the operator of the car knew, close to the track, in a restricted area, in an attempt to get away from the track so that the car could pass, might by some slight movement of the team come nearer to the car than when the forward part of the car passed, and that the operator in the exercise of reasonable care should have anticipated the possibility that this might occur and taken precautions to avoid a resulting collision between the rear part of the car and the dump cart, even though the forward part of the car had passed the dump cart without striking it. *Eldredge* v. *Boston Elevated Railway,* 203 Mass. 582, 584. *Anderson* v. *Old Colony Street Railway,* 214 Mass. 505, 506. *Fickett* v. *Lewiston, Augusta & Waterville Street Railway,* 110 Maine, 267, 270. And it could have been found that the operator in going ahead without stopping the car failed to take the requisite precautions, so that his negligence was the cause of the car's striking the dump cart. The facts disclosed by the evidence distinguish the case from *Osborne* v. *Bay State Street Railway,* 222 Mass. 427, where a pedestrian was standing in a safe position beside the track when the forward part of the car passed him (see also *Widmer* v. *West End Street Railway,* 158 Mass. 49), and from cases where a vehicle was turned suddenly on to the track directly in front of the car. See

*Glennon* v. *Boston Elevated Railway,* 251 Mass. 103; *Larkin* v. *Boston Elevated Railway,* 253 Mass. 318. *Kiley* v. *Boston Elevated Railway,* 207 Mass. 542, and *Hoye* v. *Boston Elevated Railway,* 256 Mass. 493, also are distinguishable in their facts.

On contradictory evidence it could have been found that the dump cart swerved as the result of hitting an ash can. We need not discuss the effect of this evidence, if believed, on the defendant's liability. The jury were not required to accept this explanation of the accident.

The defendant properly does not contend that it could have been ruled as matter of law that either of the plaintiffs was guilty of contributory negligence.

*Exceptions overruled.*