*Northern District*

No. 4676

## PAUL A. CHANDLER

v.

## METROPOLITAN TRANSIT AUTHORITY

(August 28, 1953)

*Brooks, J.* This is an action of tort for *damage to an automobile.* The answer is general denial and other defenses immaterial to the sole issue in this case, namely, the negligence of defendant.

Plaintiff's automobile was being operated by his son for the latter's personal pleasure. The operator's negligence, therefore, is of no consequence, *Nash v.*

*Lang,* 268 Mass. 407.

The evidence except for one minor item is uncontradicted. Defendant's streetcar had come to a stop on Beach Street, Revere, just before the intersection with Ocean Avenue. Abreast of its front end and to its right were two automobiles also stopped. Plaintiff's automobile drew up behind the automobile which was next to the streetcar and abreast of its front end. Plaintiff's car stopped about midway of the right side of the streetcar. A fourth automobile stopped beside plaintiff's automobile and to its right.

The streetcar was the first vehicle to start. As it followed the tracks which curved to the left into Ocean Avenue, its rear end swung out colliding with the left side of plaintiff's automobile causing the damage now claimed.

The only item of difference in the testimony was, on the one hand, that two automobiles were able to park side by side to the right of the streetcar and, on the other hand, that the distance between the right rail and the curb was only ten feet. These are obviously inconsistent statements unless one is to assume that the right-hand automobile was in part resting on the sidewalk. This contradiction, however, is unimportant.

Defendant filed the following requests for rulings:

1. The mere happening of this accident is not evidence of negligence on the part of the defendant, its agents, servants or employers.

2. The defendant's operator was not called upon to anticipate the approach of the automobile owned by the plaintiff towards the rear or side of the streetcar. *Brightman v. Union Street Railway,* 216 Mass. 152.

3. Upon all the evidence the plaintiff is not entitled to recover.

4. There is no evidence of negligence on the part of the defendant, its agents, servants or employees.

The court granted defendant's request #1 and

denied #2, #3 and #4.

The court filed the following memorandum of findings and rulings:            ,

"The court finds on all the evidence that the plaintiff's motor vehicle, by necessity, was parked close to and right of the defendant's car while both were waiting for traffic at a street intersection; that the streetcar proceeded to turn the corner to the left while the plaintiff's motor vehicle was standing still and as the rear of the streetcar swung out it struck the plaintiff's vehicle causing the damage alleged and agreed upon. See: *Bryant v. Boston Elevated Railway*, 212 Mass. 62."

The court found for the plaintiff in the sum agreed upon.

Request #1 having been granted and Request #3 not calling for action under Ruling 27 of the District Courts, we have only to consider Request #2 and #4 which properly raise the question of defendant's negligence.

The controlling factor in this type case is the relative position, prior to the contact, of the streetcar and the object with which it collides. The cases have generally held that if the object with which the rear end of the streetcar collided was visible to or should have been seen and taken into account by the operator of the streetcar prior to the contact, defendant is liable, — *Bryant v. Boston Elevated Railway*, 212 Mass. 62. But see also *Widmer v. West End St. Ry.*, 158 Mass. 49, where plaintiff, while standing between the tracks as the streetcar approached and passed, was hit by the rear end swinging out on the curve, the motorman was held not negligent. On the other hand, if the object of collision was not readily visible to the operator of the streetcar, the streetcar company is not held responsible, — *Brightman v. Union Street Railway*, 216 Mass. 152, *Hoye v. Boston El. Ry.*, 256 Mass. 493, 495, *Hoffman v. Philadelphia Rapid Transit Company*, 214 Pa. 87. The distinction between these

two types of cases is recognized whether the object is a vehicle or a pedestrian.

In the *Bryant* case the vehicle was plainly visible to the operator. In the Brightman case, the pedestrian came from the side and rear of the streetcar not in the line of vision of the operator of the streetcar.

In the instant case, while defendant streetcar was at a standstill, plaintiff's automobile came up from behind the streetcar and stopped at about the midpoint of the car. It obviously could not have been seen by the streetcar operator unless he hed turned around. For ought we know, this being at night, it might not have been visible unless the streetcar operator had opened his side front door, stepped over and looked out.

In *Kiley v. Boston Elevated Railway*, 207 Mass. 542, the court stated that a motorman must "necessarily keep the street in front of his moving car constantly within his view. He must also be alert at all intersecting streets to avoid collision with travelers who may be likely to come there from upon his tracks but ordinarily he is not bound to be looking out for travelers who may run into the rear of his car. The establishment of such a standard of duty would prevent, to a large extent, the reasonably rapid carriage of passengers for which street railway corporations are chartered." The court further said: "it does not appear that the motorman saw or in the exercise of reasonable care ought to have seen the plaintiff and hence he cannot be charged with any fault of duty."

In our case it would not appear to be conducive to "rapid carriage of passengers" for the streetcar operator every time he came to a curve, to open the door and look out to make sure that before he could step back to his post, close the door and start the car somebody, not theretofore noticed, might not take a position near the car where he might be hit when the car went around a curve.

The trial court recites the facts correctly then

bases its ruling in favor of plaintiff on the *Bryant* case which on its facts is less applicable to the present case than is the *Brightman* case.

The court's rulings on Requests #2 and #4 were erroneous, also its finding for plaintiff based on the assumption of defendant's negligence. It is our opinion that there was no evidence of negligence on defendant's part, that the finding should be vacated and that judgment should be entered for defendant.

Leo Dorfman: For The Plaintiff.

Philip A. Brine: For The Defendant.