PAUL A. CHANDLER *vs.* METROPOLITAN TRANSIT AUTHORITY.

Middlesex. February 1, 1954. — March 3, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence,* Street railway: collision with vehicle, overswing of car; In use of way.

Evidence of the circumstances in which one of several automobiles stopped to the right of a street car on a street at an intersecting street was struck and damaged by the overswing of the rear end of the street car as it started and was turning to the left onto the intersecting street warranted a finding of negligence on the part of the motorman.

TORT. Writ in the District Court of Newton dated February 1, 1952.

The action was heard by *Crafts,* J.

*Leo E. Dorfman,* for the plaintiff.

*Philip A. Brine, Jr.,* for the defendant.

RONAN, J. The plaintiff appealed from a decision of the Appellate Division vacating a finding in his favor by the trial judge for damage to his automobile when it was struck by the overswing of the defendant's street car as it proceeded onto a curve from Beach Street to Ocean Avenue in Revere on the evening of May 5, 1951.

The plaintiff's son was operating the automobile for his own personal pleasure with the plaintiff's permission. The son, as he drove easterly along Beach Street, observed that the street car was stopped at the intersection of Ocean Avenue which runs in a general northerly and southerly direction; that two automobiles had stopped on Beach Street at the intersection of Ocean Avenue; and that these two automobiles had stopped parallel to and abreast of the street car and abreast of each other. The plaintiff's son drove past the rear end of the street car, stopping with the front of the automobile at the middle of the right side of the street car and behind the automobile which had already stopped in front of him. Another automobile had stopped to the right of the plaintiff's automobile. The street car started to proceed to its left onto Ocean Avenue before there was any movement of the first two automobiles or the plaintiff's automobile. The right rear end of the car swung out, striking and damaging the left side of the plaintiff's automobile.

The judge considered the case to be governed by *Bryant* v. *Boston Elevated Railway*, 212 Mass. 62, and impliedly found that the motorman was negligent and found for the plaintiff. Both parties considered the plaintiff's son the bailee of the automobile, and the only question presented is whether or not the motorman was negligent.

The motorman and the operator of the automobile were both using a public way, and each owed the duty of exercising due care to avoid injury to the other. The movement of the street car was more limited than that of the automobile as it could run only along the rails. A motorman ordinarily must be cognizant of the presence of pedestrians and vehicles abreast of or in the path of the car, and

he must exercise reasonable care to avoid injury or damage to them. *Anderson* v. *Old Colony Street Railway*, 214 Mass. 505. *Diamato* v. *Eastern Massachusetts Street Railway*, 296 Mass. 476. He must be alert to the rapidly changing traffic conditions as he proceeds along the highway. He can hardly be expected to anticipate that a traveller will leave a place of safety, approach the car from the rear, and walk into the side of the car or travel so close to the rear as to be struck by the overswing as the car is proceeding along a curve. *Widmer* v. *West End Street Railway*, 158 Mass. 49. *Kiley* v. *Boston Elevated Railway*, 207 Mass. 542. *Brightman* v. *Union Street Railway*, 216 Mass. 152. *Osborne* v. *Bay State Street Railway*, 222 Mass. 427. *Fairbanks* v. *Boston Elevated Railway*, 237 Mass. 127. *Noonan* v. *Boston Elevated Railway*, 263 Mass. 305. But a motorman who knows or should know that there are vehicles or pedestrians in such proximity to the street car that it would be dangerous to start the car along a curved track because of the overswing of the car may be found negligent in proceeding in such circumstances. *Bryant* v. *Boston Elevated Railway*, 212 Mass. 62. *Niles* v. *Boston Elevated Railway*, 230 Mass. 316. *Brown* v. *Boston Elevated Railway*, 303 Mass. 237. *Metropolitan Railroad* v. *Blick*, 22 App. D. C. 194. *Charles P. Anderson, Inc.* v. *St. Paul City Railway*, 203 Minn. 119. *Forbes* v. *United Electric Railways*, 49 R. I. 465. Compare *Wheeler* v. *Des Moines City Railway*, 205 Iowa, 439; *Harrington* v. *Portland Traction Co.* 168 Ore. 548; *Ryan* v. *Milwaukee Northern Railway*, 186 Wis. 537.

It does not appear how long the street car had been stopped at the intersection, but it does appear that before it started up four automobiles had come to rest, two abreast, in that portion of the public way to the right of the car which was barely wide enough to accommodate two automobiles side by side.

We think the judge could find that the motorman should have seen the position of the first two automobiles; that a glance at them would have disclosed the presence of the two other automobiles immediately to the rear or a glance to his

right, even if limited to the first two automobiles, would have indicated that traffic had probably become congested during the period the electric car was stopped; and that he should have determined whether there was an automobile in the position of the plaintiff's automobile which would be the first to be struck by the overswing if he started the car — as he did — upon the curve before the first two automobiles had started forward and so before the operator of the plaintiff's automobile had any opportunity to avoid the overswing. Such conduct on the part of the motorman could rightfully be found by the trial judge to be negligent.

The order of the Appellate Division is reversed and judgment is to be entered in accordance with the finding of the trial judge.                                         *So ordered.*